Duer, J.
As it seemed to me that the demurrer raised a new and important question of pleading under the Code, I have consulted my brethren, and they concur in the opinion that I now give.
The case turns entirely upon the construction to be given to a clause, which appears for the first time in the amended Code of 1851. Hence, the two cases of Spelman v. Wader, and Gay v. Paine (5 How. P. Rep. 6 id., p. 107), which were cited on the hearing, have no application, since they were both decided before the clause in question was enacted. In the revision of 1851, it was added to § 162, which provides, that the performance of a condition precedent may be averred in general terms, and the words added are as follows: “ In an action or defence founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party, a specified sum which he claims.”
The question now to be determined is, whether a negotiable promissory note, within the true meaning of this provision, and as against the endorser, is an instrument for the payment of money only. If it is, the complaint is sufficient, and the demurrer must be overruled; if it is not, the general rule that a , complaint must set forth all the facts which constitute the cause of action, all which he is bound to prove in order to maintain his suit (Garvey v. Fowler, 4 Sandford, 666), must prevail, and the demurrer, consequently, be sustained.
The words “ an instrument for the payment of money only,” if strictly and literally construed, mean, an instrument which creates no obligation on the part of the person who is sought to be charged, other than for the payment of money; which contains on his part, no other promise, stipulation, or covenant, whatever; but the consequences of this literal construction are so unreasonable that we cannot believe that it expresses truly the intent of the framers of the Code and of the Legislature. A contract in writing for the building of a house between the owner and builder, is, on the part of the owner, an instrument for the payment of money only, although the payments to be *603 made by him, invariably depend upon the completion of the whole or of portions of the work by the builder. Hence, if the clause in question is applicable to such a contract, as it must be, if its literal construction be adopted, it will be sufficient for the builder, in an action against the owner, to set forth in his complaint a copy of the agreement, followed by an averment, that there is due to him thereon from the defendant a specified sum which he claims, without averring the completion of the whole or any part of the work he had stipulated to perform; or to state the proposition in a more general form, it will never be necessary, in an action founded upon a written agreement, to aver, either generally or specially, the, performance of a condition precedent, although the liability of the defendant for the payment of the sum, which is claimed to be due, depends solely upon its performance.
It may be said, that, in judging of the character of an instrument we must look at the stipulations of both the parties, and hence that an agreement which binds either party to the performance of any act, other than the payment of money, is not an instrument for the payment of money only within the meaning of the Code; but this construction by no means removes the difficulty that I feel, in assenting to the construction which the plaintiff’s counsel urged me to adopt. There is a large class of contracts, strictly unilateral, in which the liability, and that a liability for the payment of money, of the only party who is bound, depends alone on the happening of a contingent event, and to all these, according to the argument, this new provision of the Code must be construed to apply. A policy of insurance, for example, contains no stipulations on the part of the assured, and it is only for the payment of money that it binds the underwriter. Hence, in an action upon a policy, if it must be held to be “ an instrument for the payment of money only,” it will not be necessary to aver in the complaint, even the happening of a loss, much less the time when, the place where, or the peril from which it occurred. It will be sufficient to set forth the policy, and to aver that, by force of the instrument, the sum which is claimed is due from the defendants; and these remarks equally apply, not only to every form of insurance, but, with rare exceptions, to every contract of indem *604 nity. That the Legislature meant that the clause in question should be applied to such cases is most improbable, and it is quite incredible, that the authors of the Code meant to sanction a mode of pleading, so loose, and vague, and indefinite, so utterly barren of the information that ought to be given, -as to be, in reality, more objectionable than any of the ancient forms of pleading, which they determined to abolish. A construction that can only be justified by attributing this intention to them or to the Legislature, I cannot hesitate to reject.
Hor is this construction necessary to be adopted, in order to give effect to this new provision of the Code. I am' satisfied that its intended purpose will be fully answered, by limiting it to the cases, in which the obligation created by an instrument for the payment of money only, is not only certain, but simple and absolute; and to effect this, the word “ only ” may well be understood to mean, not merely exclusive of any other promise or stipulation, but free from any condition or contingency. In my judgment, the clause is only applicable, where the instrument set forth in a complaint, is upon its fáce evidence of the debt, which is claimed to be due, evidence, not merely of the right of the plaintiff to recover, but of the liability of the defendant to pay, so that, in all cases, where proof, not merely of the instrument itself, but of extrinsic facts, is necessary to be given, the existence of the facts must be averred in the complaint. It is this construction that was virtually adopted by this court, in the case of Lord v. Cheesebrough (4 Sand. 696), in which it was held that, in an action by the endorsee of a promissory note, against the maker, the transfer and delivery of the note to the plaintiff must be distinctly averred. The very ground of this decision was, that when the right of the plaintiffs to maintain the suit, depends upon something more than the instrument itself, the additional facts must be averred in the complaint. Applying the principle to the case before me, it necessarily follows, that the demurrer must be allowed. The instrument set forth in the complaint, is no evidence of a debt due from the defendant who demurs. A negotiable note, although endorsed, contains no promise of payment on the part of the endorser, since, unless we resort to the contract, which the law implies, the endorsement is nothing *605 more than an order upon the maker of the note, to pay its contents to its lawful holder. Let it he admitted that, the same effect must be given to the instrument, as if the contract which the law implies, were expressed in terms, the contract of the endorser is not, like that of the maker, an absolute promise to pay the note at maturity. It is a promise to pay, provided the payment shall first have been properly demanded of the maker, and due notice of his neglect or refusal shall have been given. Such demand of payment, and notice of dishonor, or a statement of facts by which they are excused, the plaintiff must prove upon the trial, and the facts thus necessary to be proved, as they constitute in part the cause of action, must be averred in the complaint. The averment, according to the decision of the supreme court, in Gay v. Paine, may now be made, in general terms, but in some form, general or special, it is indispensable. I am not prepared to say, that a complaint, in which it is omitted, may not, in some cases, be amended upon the trial, but I must hold, that it is bad upon demurrer.
A single topic remains to be noticed. It was strongly urged by the counsel for the plaintiff, that the new provision in the Code was intended by the Legislature, as a mere re-enactment, with only a necessary change of form, of the former statute, which permitted a promissory note, or bill of exchange, to be given in evidence, under the money counts, provided a copy had been annexed to the declaration, when served, and it was therefore insisted, that in suits upon these instruments, no averment that the Legislature had judged to be unnecessary, ought now to be required. Some force might be justly allowed to those considerations, had the provision in the Code been confined to negotiable paper; but it is not thus limited, and we have no right to narrow the construction of the general terms that are used, nor to give to them any other than an uniform and consistent interpretation. We cannot adopt a rule in relation to negotiable paper, different from that, which all must see, and the counsel admitted, it would be our duty to follow, in an action upon a policy of insurance. The words of the Code include every instrument for the payment of money only. There can be but one proper definition of such an instrument. To all contracts that the definition embraces, the provi *606 sion must be applied, and to none that it excludes. It has been shown, that it excludes the contract of an insurer, and it must, exactly for the same reasons, exclude that of an endorser.
The defendant is therefore entitled to judgment, but the plaintiff, upon the payment of $10 costs, may amend the complaint, and ten days are allowed him for that purpose.