By the Couet.
Campbell, J.
It is plainly only as a guarantor of tbe notes in question, that tbe complaint seeks to charge tbe defendant, and tbe first question therefore, is whether tbe evidence upon tbe trial was admissible; and if admissible, was sufficient to establish bis babibty as such — and we are clearly of opinion that it was not.
"We think that tbe decision of tbe Court of Appeals in Spies v. Gilmore, (1 Coms. 321,) fobowing that of tbe Court of Errors in Hall v. Newcomb, (7 Hill, 416, note p. 426,) has settled tbe law that when a person endorses in blank a promissory note, even with tbe intent of making himself personaby bable to tbe payee, tbe contract of which bis act and name are evidence, is an endorsement in tbe full legal sense of tbe term, and cannot, either by construction of law or by proof of extrinsic facts, be converted _^into a guaranty, or any other or different contract whatever. Tbe payee, when be has any right of action against him which be seeks to sustain, must sue him as an endorser, and must aver in bis complaint and prove upon tbe trial ab tbe facts necessary to charge him, as such. We assent entirely to tbe observations of Justices Bronson and Jewett, that tbe doctrine which tbe earlkr cases strongly favored, that tbe endorser of a promissory note may, under certain circumstances, be charged as maker or guarantor, and tbe guarantor as maker or endorser, stood upon no ground of principle, and must now be regarded as corrected and exploded. (Bronson, J., 1 Corns. 324; Jewett, J., 2 Corns. 548.) It is true that tbe doctrine appears stib to be followed in other states of tbe Union, but it is certainly no longer tbe law in this.
Admitting, however, that there are cases in which, without contravening tbe decisions to which I have referred, parol evidence, for tbe purpose of converting a blank endorsement into a guaranty, may stib be admitted, we think it cannot be doubted that tbe evidence which is to have this effect must be direct and *51 positive tbat sucb was tbe agreement of tbe parties at tbe time, and tbat an express authority to fill np tbe blank witb a guaranty was tben given. Here there is no snob evidence, and nothing resembling it. Tbe defendant was asked to endorse tbe notes, and be did endorse them, and there is not tbe slightest reason to suppose tbat in so doing be meant to incur any other obligation than tbat of an endorser. Whether be meant to be liable as such to tbe plaintiff is a different question, not necessary now to be considered. We are told, however, tbat although tbe proof upon tbe trial-may not have been sufficient to charge tbe defendant as a guarantor, it was amply sufficient to warrant a recovery against him as an endorser; but tbe objection to this view of thé case is unanswerable; tbat under tbe complaint as framed tbe proof relied on ought not to have been received at all, and tbat tbe Judge, even bad a motion for tbat purpose been made, bad no power so to amend tbe complaint as to render tbe proof admissible.
Tbe supposition tbat tbe proof could be received in support of tbe allegation in tbe complaint, tbat tbe plaintiff bad paid, laid out, and expended moneys, corresponding in amount witb tbe notes, at tbe request and for tbe benefit of tbe defendant, we cannot, for a moment, hesitate to reject. Whether, as tbe law was formerly understood, in an action by an endorsee, against an endorser of a promissory note, tbe note could be given in evidence under all or any of tbe money counts in a declaration, it is useless to inquire. It is sufficient to say tbat under a money count in a complaint, tbe proof cannot be received without repealing tbe provisions of tbe Code, in tbe construction tbat we have invariably given to them. Tbe proof cannot be received unless we bold tbat it is no longer necessary to set forth in a complaint tbe facts constituting tbe cause of action, but tbat tbe conclusions of law from those facts, may, witb entire propriety, be substituted. To bold this, would, in our judgment, render tbe provisions of tbe Code a mockery and a snare.
It is manifest tbat tbe endorsement of a note is no proof whatever tbat tbe bolder bad in fact advanced or expended moneys for tbe benefit of tbe endorser, and it was not so properly by a conclusion, as by a fiction of law, tbat it was ever so considered. If tbe allegation in tbe complaint before us, tbat tbe plaintiff had: *52 expended money for the benefit of the defendant, is to be considered, as it must be, as the averment of a fact, it is an averment that so far from being sustained, was contradicted by the proof. We know that the notes were not delivered to the plaintiff to secure or satisfy a debt due to him from the defendant, but that the sole consideration' of the delivery was a debt due to him from the makers. We must now repeat what on several occasions we have felt it necessary to say, that in every action founded on a promis-, sory nóte, the note itself or its contents must be set forth in the complaint, and that when the action is against an endorser, all the facts necessary to be proved on the trial in order to charge him as such, must be distinctly averred. (Lord v. Cheesebrough, 2 Sand. S. C. Rep. 696; Garvey v. Fowler, id. 668; Adler v. Bloomingdale, 1 Duer, 601.)
It follows from what has now been said, that if the notes endorsed by the defendant were admissible in evidence at all, they -were only so in support of the allegations in the complaint that the defendant had agreed to guarantee their payment, and the objection then is, that the, variance between the allegations and the proof was material and fatal — a variance which the Judge could not disregard, and had no power to correct; and such is clearly our opinion. Notwithstanding a partial resemblance, the .differences between a contract of guaranty and a contract of endorsement are so wide and essential, that it is impossible to say that the allegation of the one contract as the cause of action is sustained by proof of the existence of the other. In such a case, the variance from the allegation is, in the words of the Code, not “in some particular or particulars only, but in its entire scope and meaning,” (Code § 171;) and the Judge may properly dismiss the complaint on the ground of “the failure of the proof” necessary to sustain the action. As in the case before us, the Judge on the trial could not under § 169 of the Code have ordered the complaint to be amended by inserting an allegation of the facts necessary to charge the defendant as an endorser, so we have not the power to order this amendment under § 173, since its effect would be to change substantially both the claim and the defence. Our meaning is, that we cannot order the amendment so to be made as to enable the plaintiff to retain the present verdict, but that setting aside the verdict, we may permit it to be *53 amended upon terms, we do not doubt, but these terms must be the payment of all the costs that have accrued since the service of the summons — as the case stands, there must be a new trial, but the plaintiff has liberty to serve an amended complaint within twenty days, upon the terms that have been stated.