## PRICE *a.* McCLARE.

*New York Superior Court; Special Term, May,* 1856.

### COMPLAINT UPON NOTE.—REQUISITES OF.

A complaint upon a promissory note against maker and endorser, is not good under section 162 of the Code if it fails to aver that the maker made the note, and that the endorser endorsed it.

An averment that a note was *protested,* is not equivalent to an averment that it was duly presented for payment to the maker and payment was refused.

Demurrer to a complaint.

This action was brought by Thomas Price against John McClare, Henry McLean and James Cain.. The complaint stated that the defendants were indebted to the plaintiff upon a promissory note. The note was set. forth in the complaint. It purported to be signed "John McClare & Co.," and to be endorsed "Henry McLean," "James Cain."

The complaint then averred that before the note fell due it was passed to the plaintiff for a valuable consideration,—that the whole amount thereof was justly due to him from the defendants,—that when it became due, it was protested for non-payment,—and that due notice of protest was given to McLean and Cain.

.The defendant McClare, and the defendants McLean and Cain, demurred separately. The question was whether the pleading was good under section 162 of the Code.

*Mr. Mitchell*, for the demurrers.

*G. Carpenter*, opposed.

DUER, J.—The demurrers are well taken. The complaint is bad, in omitting to aver that the note was made by McClare, and that it was made by him in the name of McClare & Co. It is also bad in not averring that the note had been endorsed by the defendants McLean and Cain. The complaint in its actual form cannot be sustained without overruling the former decisions of the court upon the point. (Lord *v.* Cheeseborough, 4 *Sandf.*, 696; Adler *a.* Bloomingdale, 1 *Duer*, 601. And see Bank of Geneva *a.* 8 *How. Pr. R.*, 51).

The averment in the complaint that the note was *protested*, is not an averment, nor is it equivalent to an averment that it had been duly presented for payment to the maker, and that payment had been refused.* For, without any proof of those facts, the averment would be sustained by merely proving the fact of a protest, however irregularly or improperly made. It is very true that it has been held that notice of protest is valid as a notice of dishonor; but it by no means follows that an averment of protest is sufficient, in a complaint, in which all the

---

* Compare Woodbury *a.* Sackrider, 2 *Ante*, 402.

facts constituting the cause of action are required to be set forth.

Demurrer allowed, with the usual leave to plaintiff to amend within ten days upon payment of costs.

---

HAMILTON *a.* THE ACCESSORY TRANSIT COMPANY.

*Supreme Court, First District; Special Term, October,* 1856.

DISSOLUTION OF FOREIGN CORPORATION.—APPOINTMENT OF RECEIVER.

An application for an injunction and the appointment of a receiver should not be granted unless at least there is the strongest probability that the court will ultimately decide that the plaintiff is entitled to the relief demanded in the complaint, and unless it also appears that the property is in danger of being lost or materially injured or impaired before the full investigation and final determination of the case.

The fact that there is danger that the property will be " lost or materially injured or impaired," is important as the basis of an application for a receiver under section 244 of the Code.

Application for the appointment of a receiver.

This action was brought by Jeremiah F. Hamilton in behalf of himself and all other stockholders of the Accessory Transit Company who might come in and contribute, against the Company, and Cornelius Vanderbilt and several others, who were alleged to be officers of the corporation.

The complaint stated that the Accessory Transit Company was formerly a corporation created by the Government of the State of Nicaragua, having an office within the city of New York. That on February 18, 1856, the Government of Nicaragua made and published a decree, which was set out in a schedule annexed to the complaint, and which was signed by Patricio Rivas, whereby the corporation was dissolved. That, notwithstanding the decree of dissolution, Vanderbilt and the other individual defendants had been since elected president and directors of the corporation, and had possessed themselves of its effects, and were using the same without regard to the