By the Court. Slosson, J.
This is an appeal from a judgment at Special Term sustaining a demurrer to the complaint.
The complaint alleges that the “ defendants are indebted to the plaintiff in a promissory note written in the words and figures following.” A copy of the note here follows. It is subscribed, “John McClave & Co.,” with the prefix “signed,” and is made payable to the order of Henry McClave, and the names Henry McClave and James Cain are subjoined as part of the copy of the instrument, with the prefix “ indorsed.” The complaint then alleges, “that before the note became due and payable, it was passed to the plaintiff for a good and valuable consideration; that he is the holder and owner of the note, and only person interested therein ; that the whole amount thereof is justly due and owing to him from the defendants; and that when the note became due, it was protested for non-payment, of which the defendants, McClave and Cain had due notice,” and therefore demands judgment.
The Judge, at Special Term, held, that the complaint was bad in not averring that the note was made by McClave, and made by him in the name of McClave & Co.; also, in not averring that the note had been indorsed by the defendants, McClave and Cain, and also in not averring that it had been duly presented to the maker for payment, and payment refused; and relied for his judgment on the cases of Lord v. Cheeseborough, (4 Sand. 696,) and Alder v. Bloomingdale, (1 Duer, 601.)
In the first of these cases there was an allegation that the note was “ indorsed,” but none that it was indorsed and delivered to the plaintiff, or that the plaintiff was the holder or owner of the note.
In Griswold v. Laverty, (12 Legal Ob. 316,) this court decided that an allegation that a note was indorsed, coupled with an allegation of actual possession by the plaintiff before the maturity of *546 the note, was equivalent to an allegation of an indorsement to the plaintiff.
In the present case there is no allegation of an indorsement, unless the prefix “indorsed,” may be considered as an averment of the fact, either by itself or in connection with the words “written” or “passed,” underscored in the complaint. It is true that a promissory note, as to the indorser, may not strictly be an instrument for the payment of money only within the meaning of section 162, his engagement being a conditional one, (Alder v. Bloomingdale, supra,) and that the names of the indorsers in the copy of the note in this complaint, may not, as respects them, be the copy of any instrument within the meaning of that section, but it does not follow, that the word “indorsed,” has, therefore, no meaniqg in the complaint. The word is certainly no part of the note, nor is it thus written as a part of it. In fair interpretation, however, it can only mean, that the instrument of which the copy is given, was indorsed by the payee and the other indorser Cain.
In The Bank of Geneva v. Gulich, (8 Howard, Pr. R. 51,) the court seemed to admit that the word “signed” prefixed to the name of the makers, and the abbreviation “ ind’d,” to that of the indorsers might be regarded as allegations of the making and indorsing of the note. If, however, the word indorsed” would not alone amount to this, though we think it does, it may, without any violation of the sense pf the pleading, be well coupled with the word “passed,” which follows almost immediately after, and read together, the two can hardly fail to be understood as an allegation or an intended allegation of the transfer of the note to the plaintiff by indorsement.
This, in connection with the averment, that the plaintiff is the holder and owner of the note, is sufficient, so far as this question is concerned, to make the pleading a good one within the case of Lord v. Cheeseborough, and to establish that the title to the note is in the plaintiff.
Then as to the want of an averment, that the note was made by McOlave, and in the name of John McOlave & Co., the word “signed” prefixed to the name of the makers must certainly have as much significance as the word “indorsed” prefixed to the names of the indorsers.
*547 In the case of Andrews v. The Astor Bank, (2 Duer, 629,) the defendants were sought to be charged as acceptors of a bill of exchange. As there could be no doubt that the instrument, as respected the acceptor, was one for the payment of money only, within § 162 of the Code, the pleader seemed, in framing his complaint, to have studied how literally he could come within the very words of the statute, and accordingly all he averred was, that he was the holder and owner of the bill, a copy of which he set out ; that no part of it had been paid, and that the whole account was due to him from the defendant. The bill was addressed “To John Lloyd, Esq., President of the Astor Bank,” and was accepted in the name of “John Lloyd, president,” and it was made a ground of demurrer that there was no allegation that the bank accepted, or that Lloyd was its president, or had authority to accept, or did accept, as its president, and that, therefore, the complaint did not state facts sufficient to constitute a cause of action; but the court (at Special Term) held, that “ any ordinary man of common understanding, holding, or being offered, such a bill, would read it as being a bill drawn on the Astor Bank, and accepted by the bank, by its president,” and decided that the complaint contained all that was required by § 162 of the Code. As the contract of the maker of a promissory note is equally with that of an acceptor of a bill of exchange, one for the payment of money absolutely, the allegation of the making of the note, in the present case, must be held as well made as was that of the acceptance of the bill in the Astor Bank case; indeed, in the latter, there was no averment of an acceptance at all, except as furnished by the copy of the instrument itself; and I am at a loss to perceive why this complaint would not, as respects the maker, have been by parity of reason, good without the prefix “ signed,” or the word “ written,” or any other word indicating the making of the note.
I am not aware that the decision in that case has ever been appealed from, and am not disposed to question its correctness. Within the principle of this decision, also, I think the identity of the persons named as maker and indorsers of the note with the defendants to the action, sufficiently established in the complaint. The note being signed “ John McClave & Co.,” is that such a variance on the face of the note, as to deprive it of the character of the individual note of McClave in which character it is declared *548 upon? Should it have been alleged that it was signed by Mc-Ciave in the name of McCiave & Co. ? We think' it should. The words “ & Co.,” indicate a firm. John McCiave, the defendant, may have been a member of that firm, and yet never have made the note, nor have had any knowledge of its existence. It may have been made by some other member of the firm, for his private purposes, and passed to the plaintiff under circumstances of notice, or otherwise, which would wholly relieve the defendants from all liability on the note. It will not do to call the words “ & Co.” a mere adjunct or surplussage. If the pleader relies on the copy of the note as sufficient, under § 162, then it shows the note to have been made by a partnership, and not by McCiave individually. Some averment was, therefore, necessary to obviate this objection. It is not an answer to say that it is an objection which should have been taken advantage of by special demurrer. The objection is not strictly for defect of parties, but that the complaint does not, on its face, show an individual liability on the part of McCiave.
The only remaining question is, whether. the allegation that when the note became due it was “ protested for non-payment,” is sufficient, without the allegation that it was presented to the maker and payment refused ?
In Coddington v. Davis (1 Coms. 186) the Court of Appeals held that the word “protest,” in its popular sense, includes all the steps necessary to fix the indorser, to wit, demand of payment, refusal, and notice. The question, however, arose on the construction of a mercantile letter, by an indorser of a note addressed to the holders, and agreeing to “ waive the necessity of the protest of the note.”
So in Cook v. Litchfield, (5 Sanf. 330,) the court held, that the word “protested” in a notice of protest, necessarily implied a demand of the maker and refusal.
We do not suppose these cases authoritative on a question of pleading, yet the Supreme Court in the Fourth District, in the case of Woodbury v. Sachrider, (2 Abbott’s Pr. Reports, 402,) held, on the strength of Coddington v. Davis, that the words “ duly protested at maturity,” in a complaint, were sufficient to admit evidence-of demand, neglect, or refusal to pay, and notice of non-payment.
*549 Unless the words “ protested for non-payment,” are to have the effect of an allegation of presentment to the maker, and refusal on his part to pay the note, essential conditions to the indorsers’ liability, then this complaint is clearly insufficient as to the indorser, whose contract is not of the class intended by § 162, as distinctly decided by this court in Alder v. Bloomingdale, above cited.
I am not disposed to give to these words so broad a construction as that given to them in Woodbury v. Sachrider, nor to favor so loose and indefinite a style of pleading. To allege that a note was protested for non-payment, is entirely consistent with an entire omission to present the note at all, since the notary may have noted his protest falsely. The essential fact to charge the indorser, is presentment to and refusal of payment by the maker; a protest assumes these conditions to have been complied with, and yet, in fact, the protest may be made while presentment never was.
It is no answer to say that a notarial protest of a promissory note is not necessary, and therefore the pleader must have intended, not the formal certificate as evidence of protest, but the acts which the protest implies; since, if the word is capable of two meanings, one, as defining the act of the notary, and the other, the steps necessary to charge the indorser, it is evident that of itself alone, it does not distinctly determine its own meaning; and, therefore, cannot, with propriety, be said to state any fact which goes to constitute a part of the cause of the action. (Ante, 514.)
The judgment at Special Term should be affirmed as to both demurrers, the plaintiff to be at liberty to amend his complaint within twenty days after notice of entry of this decision, on payment of costs of demurrer, (a)

 See Price v. McClave (5 Duer, 570); Prindle v Caruthers (15 N. Y. R. 425)