## DOLPH VS. RICE.

In an action upon a bank check, against the drawer, the complaint must aver presentment of the check at the bank, and notice of its dishonor given the drawer, or some fact excusing such presentment and notice.

Under an averment of presentation and notice, in such a case, the plaintiff cannot, under the code, make proof of facts excusing them, but the averment must correspond with the fact.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action by the payee of a bank check against the drawer. The complaint alleges the making and delivery of the check (setting out a copy thereof), and that on the same day payment thereof was duly demanded at the bank on which it was drawn, and payment refused, and that there is still due and payable thereon the amount specified on its face, with interest from its date.—A demurrer to the complaint as not stating a cause of action, was overruled; and the defendant appealed.

*Peter Yates*, for appellant, cited Gould's Pl., ch. 4, sec. 7; 1 Chitty on Pl., 213, 244; Edwards on Bills &c., 656; *Chapman v. White*, 2 Seld., 412; *Cruger v. Armstrong*, 3 Johns. Cas., 5; *Murray v. Judah*, 6 Cow., 484; *Mauran v. Lamb*, 7 id., 174; *Bank of Geneva v. Gulick*, 8 How. Pr. R., 51; *Alder v. Bloomingdale*, 1 Duer, 601; *Marshall v. Rockwood*, 12 How. Pr. R., 453.

*E. Fox Cook*, for respondent, cited R. S., ch. 125, sec. 1, subd. 2 of sec. 3, and sec. 21; 4 Duer, 305–6; *Livingston v. Smith*, 14 How. Pr. R., 490; *Allen v. Patterson*, 3 Seld., 476; *Peets v. Bratt*, 6 Barb., 662; 5 How. Pr. R., 5; 8 id., 51; 12 id., 452; 8 Abbott, 238; 13 Wis., 227; 14 id., 380.

*By the Court*, COLE, J. The simple question arising on this demurrer is, whether, in an action on a bank check, by the holder against the drawer, it is necessary to aver in the complaint presentment to the bank or drawee, and notice of the dishonor to the drawer, or at all events allege some facts which show an excuse for not making demand of payment and giving such notice, such as want of funds in the bank on which the check was drawn. There can be no doubt that it would be incumbent on the plaintiff to prove that the check had been duly presented for payment, and notice of dishonor given, in order to recover against the drawer. Upon this point the authorities are distinct and explicit. *Harker v. Anderson*, 21

Wend., 372, and cases there cited. And as it is necessary to prove presentment, dishonor and notice, it is very apparent that those facts constitute a very material part of the cause of action, and should be averred in the complaint. See *Adler v. Bloomingdale*, 1 Duer, 601; Edwards on Bills & Prom. Notes, 666 et seq. It is said by the latter authority, that where an action of assumpsit was brought by the holder, against the drawer of a check payable to bearer, it was held incumbent on the plaintiff to prove that the same had been duly presented for payment, and notice of dishonor given to the drawer. The same rule prevails under the present practice. The payee of a check dishonored on presentment, must aver, in an action against the drawer, due presentment to the bank or drawee, and notice of dishonor to the drawer; or must allege facts dispensing with the usual presentment and notice, such as the want of funds in the bank on which the check was drawn. And these allegations must now be made according to the actual transactions. The plaintiff cannot aver demand and notice, and under this allegation, prove circumstances dispensing with demand and notice, as he might do under the former rules of pleading." P. 667. *Shultz v. Depuy*, 3 Abbott Pr. R., 252; *Garvey v. Fowler*, 4 Sandf. (S. C.), 666–8.

We suppose there was the same necessity for alleging in this complaint presentment and notice, that there would be, had the action been upon a promissory note against an indorser. In the latter case the indorser would not be liable without demand and notice, and hence these facts must appear in order to show a right to recover. So in the case of a drawer of a bank check, his liability is conditional; it is an undertaking to pay the check providing it is duly presented to the bank, and payment is refused, and notice of this fact given to him. Therefore it is very obvious that the facts upon which his liability arises should be set forth in the complaint.

We think the complaint was fatally defective, and that the demurrer should have been sustained.

The order of the circuit court overruling the demurrer is reversed, with costs.