Gay agt. Paine and Paine.

5 How 107–Overruled, 1 Keyes 228.

## SUPREME COURT.

### Gay agt. Paine and Paine.

It is not necessary, to charge an endorser, to aver a presentment and demand of the maker *at the place* specified in the note, in a complaint, under the Code.

Such a demand was, by authority, settled to be a condition precedent under the late practice, and the averment essential to a recovery. But section 162 of the Code has dispensed with the necessity of pleading the facts which constitute the performance of a condition precedent.

*Herkimer Special Term, Sept.* 1850. Demurrer to complaint against the indorsers of a promissory note, because " *it does not state facts sufficient to constitute a cause of action.*" The note declared on was payable at the *Albany City Bank,* and the defect

*pointed out* by the demurrer was in the averment of presentment and demand. They were laid in these words: " *When the said note became due, it was duly presented for payment to the defendant Thomas A. Paine, and payment thereof duly demanded.*"

H. NOLTON, *for the Demurrer.*
E. S. CAPRON, *Opposed.*

GRIDLEY, Justice.—It is settled in this state that in a suit against the maker, on a note payable at a particular place, it is not necessary to aver a presentment and demand at that place. If in fact the defendant had funds at the place, which would have been paid on demand, he must show that fact in defence, and that will relieve him from damages and costs, though not from the debt (see Wolcott vs. Vansantford, 17 *John. R.* 248; Caldwell vs. Cassidy, 8 *Cow. R.* 271; 3 *Wend. R.* 1; 17 *Mass.* 389; 13 *Peter's R.* 36).

But it is equally well settled, that in a suit against an indorser, the holder must allege and prove a presentment and demand at the place specified in the note for payment. In the 11th of *Wheaton's Rep.* 171, in the case of the U. S. Bank vs. Smith, the law is thus laid down by Mr. Justice THOMPSON, where he laid down the law as to the maker as above stated.

And in Woolcott vs. Vansantford (17 *J.* 256), Judge VAN NESS says, " it is conceded on all hands, and the proposition is too plain to be denied that in a suit to charge the indorsers of a note or bill, made payable at a particular place, a demand at such place is indispensably necessary."

Again, in the 5th *Denio,* 329, Justice WHITTLESEY declared, that when a note was payable at a particular bank, a statement in the notarial certificate of a demand of the cashier of the bank, was not enough; that the demand should be made at the bank. The same doctrine is laid down in Woodworth vs. The Bank of America (19 *John. Rep.* 419). The ground taken in the decision is that the demand of payment at the place indicated by the note is a *condition precedent* to the right of recovery against the indorser (17 *J. Rep.* 253)

If this demurrer, therefore, had arisen under the former system of practice, it must have been allowed. But the 162d section of the Code has dispensed with the necessity of pleading the facts which constitute the performance of a condition precedent. " It (the performance) may be stated generally, that the party duly performed the conditions," &c. The allegation that this note was " duly presented" and " duly demanded" is in pursuance of the Code, and allows the plaintiff to prove the facts which constitute the performance, though he has not specifically averred them in his complaint. This averment is not inconsistent with the idea that the note was presented to Thomas A. Paine, the maker of the note; for if the note was duly presented and duly demanded, he must have been at the bank at the time.

The demurrer must be overruled with costs and the defendants have twenty days to plead over.