## SUPREME COURT.

GEORGE W. ADAMS agt. JAMES H. SHERRILL, JAMES DOTY and WALTER DOTY.

A complaint against the maker and indorser of a promissory note, which alleges the making of the note and its indorsement and transfer by the payee, the indorser, to the plaintiff, *and that payment of the note was duly demanded at maturity, and was thereupon duly protested for nonpayment, and notice thereof duly given to the indorser,* would have been insufficient to charge the indorser previous to the Code; but under the 162d section of the Code it must be regarded as a general statement of the conditions precedent to the plaintiff's right to recover, and is therefore sufficient.

*It seems,* that had not a different construction been given to the first clause of that section, in several cases, it would have been held that it was intended to apply only to contracts wherein the *conditions precedent are expressly stated;* and not to contracts where such conditions are implied by law; as in cases of the contract of indorsement.

*Washington Special Term, Jan.,* 1856.

THE plaintiff moves, under the 247th section of the Code, for judgment against the defendant Walter Doty, the indorser of the note on which the action is brought, on the ground of the frivolousness of his demurrer to the complaint.

The complaint is founded on the promissory note of the defendants Sherrill and James Doty, payable to Walter Doty or order at the Fort Edward Bank. The complaint alleges the

indorsement and transfer of the note by Walter Doty to the plaintiff, *and that payment of the note was duly demanded at maturity, and was thereupon duly protested for non-payment, and notice thereof duly given to the indorser, Walter Doty.* A copy of the note is not given in the complaint. The defendant Walter Doty demurred to the complaint, and specified the following causes of demurrer, viz.; 1. That the complaint did not state facts sufficient to constitute a cause of action. 2. That Walter Doty was improperly made a defendant.

O. F. DAVIS, *for plaintiff.*

L. H. NORTHRUP, *for defendant Doty.*

PAIGE, Justice. As a copy of the note is not contained in the complaint; no question arises under the last clause of the 162d section of the Code. If, however, a copy of the note had been given, the weight of authority would seem to have required, in the absence of the general averment authorized by the first clause of the 162d section—specific averments of the demand of the note at maturity at the place of payment, and notice to the indorser of such demand, and of its non-payment. (19 *Johns.* 409; 5 *How. Pr. R.* 6; 5 *Denio,* 329; 1 *Duer,* 602; 8 *How. Pr. R.* 51; 4 *Sand. R.* 696; 10 *How. Pr. R.* 33, 34; *contra, Roberts* agt. *Morrison,* 11 *Legal Observer,* 60.)

The principle seems to be that the action against the indorser is founded not only on what appears on the face of the note, but also upon extrinsic facts; and that, as such facts do not appear by a copy of the note, they must be alleged. The questions on the complaint and demurrer in this case arise under the first clause of the 162d section of the Code. That clause provides that, in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; *but it may be stated generally that the party duly performed all the conditions on his part.* Here the plaintiff does not state generally a due performance of the conditions precedent to his right to recover against the indorser in the language of the Code; but he avers *that the note was duly de-*

*manded, &c., and was duly protested for non-payment, and notice thereof was duly given to the indorser.* This manner of stating the demand of payment, and the notice of the demand and non-payment, to the indorser, would have been insufficient previous to the Code, and is insufficient under the Code unless authorized by the 162d section.

Had not a different construction been given to the first clause of that section, I should have been inclined to hold that it was intended to apply only to contracts wherein the conditions precedent are expressly stated, and not to contracts where such conditions are implied by law, as in. cases of the contract of indorsement. But as it has been several times held in this court, that this clause of the 162d section does apply to the contract of indorsement, I feel bound to follow the decisions on this subject. (*See* 5 *How. Pr. R.* 107; 8 *id.* 53; 1 *Duer*, 602.) The decision of Judge WILLARD in 5 *How. Pr. R.* 5, did not relate to the 162d section of the Code.

Under this view of the case, the only question remaining to be disposed of is, whether the complaint contains such a general statement of the performance of the conditions precedent to the plaintiff's right to recover against the indorser, as is required by the Code. I think it does. I do not deem it necessary that such general statement should be in the precise language of the Code. Language equivalent to that used in the Code is sufficient.

The demurrer of the defendant Walter Doty must, therefore, be overruled and judgment entered for the plaintiff, unless such defendant puts in an answer to the complaint within twenty days, and pays the costs usually imposed in such cases.