By the Court. Woodruff, J.
The complaint, so far as it is material to state its contents, shows title in the plaintiffs as indorsees of a certain bill of exchange drawn by the defendants at the city of Hew York, on the 17th day of May, 1856, directed to John E. Martin at Lisbon, Portugal, payable sixty days after sight thereof, and then avers, “ that the said bill of exchange was duly accepted by the said John E. Martin, and became payable by virtue of such acceptance at Lisbon aforesaid, on the 18th day of August now last past. That on the said 13th day of August last, the same bill of exchange was duly presented for payment, and the payment of the money therein named duly demanded at Lisbon aforesaid, but the same was not paid; whereupon, and on the said 13th day of August now last past, the same was duly protested for non-payment,” and notice to the defendants,.etc., etc.
To this complaint the defendants demur on the general ground that the complaint does not state facts sufficient to constitute a cause of action, and assigning special grounds, that it does not allege, that the bill was presented to Martin, the drawee, for acceptance ; nor when, if ever it was so presented; nor when he had sight thereof; nor when he accepted it; nor to whom it was presented for payment.
The averment that the drawee accepted the bill, sufficiently embraces, if it does not necessarily involve the fact that it was presented to him, and that he had sight thereof. If this action was founded upon á refusal of the drawee to accept, then the proper *517 averment would be, that the bill was presented to the drawee for acceptance, and that he refused; but where the ground of claim upon the drawers is the non-payment of a bill payable after sight, the averment of acceptance is made for the purpose of showing when the bill became due, or more accurately perhaps, to show that the demand of payment and refusal were at the right time to put the drawers in default. . The bill being accepted, the acceptance as between the holders and drawers, serves no other purpose. The precedents to be found in Chitty do not in such a case contain an averment that the bill was presented for acceptance, and so far as the objection here made goes to the mere failure of the plaintiffs to aver such a presentment, or to aver that the drawee had sight of the bill, the acceptance implies that when the drawee accepted, the bill was before him for that purpose, and that he then had sight thereof.
The averment in the complaint that the bill “ was duly presented for payment,” and payment “duly demanded,” is not within the rules heretofore prescribing the mode of declaring in such a case. Alleging a presentment and demand of payment is alleging facts, but whether they were duly made and done, if “ duly” has any clear legal signification, is a question of law to be determined by the court upon all the facts which may be proved, and a most material fact is not here alleged, viz.: that it was presented to the drawee and payment demanded of him; or if there exist facts which excused such a presentment to him, then those facts are wanting.
But we are referred to the provisions of section 162 of the Code, which it is insisted render it unnecessary for the plaintiff to state to whom the bill was presented for payment. That section provides that “in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally, that the party duly performed all the conditions on his part;” and Mr. Justice Gridley, in Gay v. Paine, (5 How. Pr. R. 107,) applied this section to a complaint in this particular very much like the present, and held, that where a note was payable at a particular place, an averment that the note was duly presented to the maker, and payment duly demanded was a sufficient averment that the note was also presented at the place at which it was payable.
*518 The court are of opinion that section 162 of the Code, in what is there contained relating to averring the performance of conditions precedent, has no application to averments necessary to charge the drawer of a bill of exchange. They deem this section applicable to conditions expressed in a contract which, by the terms thereof, are to be performed “on his part,” i. e., by the party thereto, and which, but for this section, he must state to have been performed by him in detail. And that the object of the legislature was to avoid prolixity in pleading, by permitting him to aver generally, (by grouping all the conditions to be performed by himself), that he had duly performed them all. The section substitutes a general averment of performance for a statement in detail of the performance of each distinct act which the party was bound to perform. Its purpose was not to give to the word “ duly,” when applied to a single, specific averment, any such comprehensive force and meaning as is claimed for it in this case, and make the use of that word by the pleader tantamount to an averment of every other fact necessary to make the presentment, which is averred, a legal presentment. It is obvious that if the provisions of section 162, relied upon by the plaintiffs, are applicable to pleadings on bills of exchange, it must go to the length of warrantingj(after a statement of the drawing of the bill, and the plaintiffs’ title thereto), a general statement that every thing was thereafter done which the law requires to charge the drawer with its payment, or that all the conditions, uj)on which the duty of the drawer to pay the bill to the plaintiffs arises, have been performed or have happened. The court are of opinion that, although the undertaking of the drawer of a bill of exchange is, that it shall be accepted and paid, and that if it be presented in due season, and acceptance or payment is refused, and he be notified, he will pay the same, which latter are treated, as in truth they are, conditions of his liability, yet they are not of the class referred to in the section cited.
It is pertinent to observe in regard to this subject, that if the legislature have provided a substitute for the former special and detailed mode of averring the performance of conditions, the pleader can only claim the benefit of the privilege given him when he adopts the substitute. If, instead of availing himself of the liberality extended to him in contravention of all pre-existing *519 rules, he assumes to state what has been done and performed, he should so state the fact or facts, that the court may see that they do, in truth, amount to performance. The legislature, by providing a substitute for the former mode of declaring, have not sanctioned a complaint clearly bad under the pre-existing law, and not warranted by the new. And, therefore, in the present case, if the pleader undertook to state specifically a presentment for payment and refusal as the ground of his claim upon the defendant, he should so state the facts that the court can see upon the face of the complaint that it was a legal presentment.
We are also referred to the case of Woodbury v. Sachrider, (2 Abbot Pr. Rep. 402,) and upon the authority of that case the plaintiff insists that the averment in the present complaint, that the bill of exchange in question was, on the said 13th of August, duly protested for non-payment, obviates the objection above considered, because the protest of a bill, ex vi termini, imports presentment to the maker, demand of payment, and refusal thereof. With great respect for the learned Judges by whom, the case referred to was decided, we feel constrained to say, that the authority upon which that decision was distinctly placed, does not, in our judgment, warrant any such construction of the term protest in a pleading, and that it cannot be supported by any sufficient authority or established principle. The case of Coddington v. Davis, (1 Comstock, 183,) was supposed to warrant the construction now contended for. That was an action upon a promissory note against an indorser who had made a written request of the holders “ not to protest” the note, and a declaration that he would “ waive the necessity of the protest thereof;” the court held this to be, according to its fair interpretation, a waiver of demand and notice of non-payment. Obviously, if this case proves any thing applicable to a complaint on a bill of exchange, and furnishes a rule of pleading, it dispenses with an averment of notice of non-payment. This is so wide a departure from the rules of pleading recognizing the necessity of that averment for centuries past, that I doubt whether the court would, even in Woodbury v. Sachrider, have so ruled. A distinct averment of notice, upon which issue could be taken, never has been held, and we apprehend will not be held embraced in an allegation that the bill of exchange was duly protested. In no sense is it so included. By no general rule of commercial law *520 is the giving of notice of protest or of non-payment a necessary part of the duty of the notary called upon to protest the bill.
But, in truth, the decision in Coddington v. Davis gave no rule of pleading whatever; the question there was a question of evidence merely. The action was on a promissory note. Protest of such a note was not necessary. The court say that the term protest, in its strict, technical sense, i. e., the formal memorandum of the notary making his official declaration of protest, has no proper application to a note, and that the term protest, as applied to such notes, has a popular meaning, in which, as matter of evidence, the defendant must be taken to have used the term. That he must be deemed, according to the reasonable interpretation of his letter, to have intended to dispense with something which it was otherwise necessary for the holders of the note to do, and that, “ in a case like that,” he must have intended to waive those acts which, among merchants and bankers, were included in the popular sense in which the word protest was used. The Court of Appeals certainly did not decide, that averring protest in pleading included an averment of notice of non-payment; nor did they, we think, intend so to decide, or by any implication sanction such a decision, and no more did they, that in pleading, averment of protest, includes an averment of demand of payment from the drawer. The protest of a foreign bill of exchange is a necessary official act, without which the drawer cannot be charged; it is based upon a demand of payment from the acceptor; no matter how formally done, the act of protest is wholly insufficient without a demand. Neither books of precedents nor adjudged cases have heretofore furnished any warrant for dispensing with the allegation of both in declaring upon a foreign bill, and we are not prepared to hold, that the averment of protest in the present complaint cures the defect in the allegation of demand and refusal above considered.
The court are to be understood to place the decision of the present appeal upon the grounds above stated. But as it may be useful, in the further conduct of the cause, if the plaintiffs should think proper to amend, I add some suggestions arising in my own mind on a consideration of the other and remaining objection to the complaint, which is, that the complaint does not state at what time the bill was presented to the drawee, nor when he had sight thereof, nor when he accepted it.
*521 That the time when the bill was presented for acceptance, which is, in substance, the same thing as the time when he “ had sight thereof,” and the time when the acceptance took place, are both material, cannot be denied. (Holmes v. Kerrison, 1 Taunt. 323; Chitty on Bills, passim.)
A bill may not be accepted when presented for that purpose, and may afterwards be accepted. The present being a bill payable after sight, the presentment for acceptance was necessary, and it is material to the liability of the drawee that the acceptance took place at the time when the bill was so presented, otherwise the drawee was not charged and is not liable. The precedents in Ohitty cover this point by averring that the drawee, “ upon sight thereof, accepted,” etc. The complaint, stating neither presentment nor sight of the bill, simply says that the drawee “ duly accepted.” Such an averment is fully satisfied if the acceptor so accepted as to charge himself with the payment, whensoever his acceptance. It is not easy to see the propriety of giving to the word duly, in this connection, an effect tantamount to an allegation that the drawee accepted upon sight of the bill. But if this could be done, it still remains wholly uncertain when; that is, at what time the acceptance was made, and, therefore, wholly uncertain when the sixty days (which the bill had to run after sight) began to elapse, and when the bill became due; and upon this depends the sufficiency of the subsequent demand and refusal to charge the defendants.
It is true that the pleader has averred that by virtue of such acceptance the bill became payable at Lisbon on the 13th day of August. By this he must mean one of two things: Mrst, that the drawee, by the terms of his acceptance, specially appointed Lisbon as the place, and the 13th day of August as the day for payment; in which case it in nowise appears that the terms of the bill were in this respect pursued, and if not, then clearly the drawee is not liable. Or, Second, he means to say that the legal effect of the acceptance was to make the bill payable at Lisbon on the 13th day of August.
Whether this is true or not, depends upon the time when the acceptance was made. We cannot see, from the facts alleged, whether t]re proposition of the pleader is true or not. When a bill or note is payable, is a question of law, depending sometimes *522 wholly upon its terms, and sometimes upon its terms and other extrinsic facts. Here it depends upon the bill itself and the day on which it was presented for acceptance, and of that day this complaint says nothing. And, it may be further added, that the inquiry whether any. and what number of days of grace were allowed, and whether these conformed to the usage and custom of the foreign country where the bill was payable, may also be material.
It is true that if we were to assume that the pleader has judged correctly of the legal construction of the bill, in connection with the day of its presentation, and that his inference that the bill became payable on the 13th of August is correct, we might go back from the 13th of August and, assuming that the usage and custom of the place of payment was, in respect to days of grace, the same as our own, by computation find on what day the bill was presented for acceptance. But this is reversing the course and office of pleading; it is asserting a legal proposition, and calling upon the court to assume its truth and infer every fact which must exist in order to sustain it. The pleading should state the facts, and whether the bill became payable on the 13th day of August or not will then appear, whether averred or not.
If the pleader may omit to state the day of presentment for acceptance, why may he not, after describing the bill, pass at once to the statement that such bill became payable at Lisbon on the 13th day of August ? The argument in support of such a pleading would be the same as is now submitted, viz.: assuming the truth to be that the bill became payable on the day named, the court can, and must infer the facts, to wit: that the bill was presented to the drawee, sixty days and the proper allowance for grace before that day, and was by him accepted at that time.
Ko construction of the 162d section of the Code will warrant such a reversal of the office of pleading.
When a bill is, by its own tenor, payable on a particular day, an averment that it was presented on the day upon which it became payable, according to the tenor thereof, has been held sufficient. (Bynner v. Russell, 1 Bing. 23.) Here no extrinsic fact was necessary to enable the court to say on what day it did become payable.
The order at Special Term overruling the demurrer must be *523 reversed, and judgment thereon ordered for the defendants, but with leave to the plaintiffs to amend their complaint within twenty days on payment of costs of the demurrer and proceedings at Special Term thereon. Costs of the appeal $10, will-abide the event of the suit.*

 To the reasons stated in this opinion for holding a complaint to be bad which merely avers that a foreign hill was “ duly protested”—if the averment must be construed to refer to our own law—it may be added, that unless the bill is drawn upon England, the court has no right to presume that the law of the foreign country upon which it is drawn is similar to our own. Upon the continent of Europe there is a great variance in the laws that regulate the demand of payment, and the time and form of a protest, and hence, unless the bill is drawn upon England, it would seem, that to enable the court to judge of the truth of the averment, the law of the foreign country where the bill is payable should be set forth in the complaint.