# 𝔏𝔞𝔴 𝔞𝔫𝔡 𝔈𝔮𝔲𝔦𝔱𝔶

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

### FERNER and KRAUSHAR *vs.* WILLIAMS.

Where, in an action against the indorser of two promissory notes payable at a
particular place, the complaint averred that at maturity the notes were
*duly* presented for payment, to the makers, it was *held*, on demurrer, that
this was a sufficient averment of a presentment at the place specified in the
notes. INGRAHAM, J. dissented.

The provision to pay at a particular place relates only to the *mode* in which
the contract shall be executed, as far as the maker is concerned; but with
regard to the indorser, it constitutes a *condition precedent*, on which his lia-
bility depends.

But under the 162d section of the code an averment of the facts which con-
stitute a performance of such a condition precedent, is unnecessary.

The language of that section, providing that the performance of a condition
precedent may be stated generally — that the party *duly* performed the con-
dition, &c.— may be fairly applied to all conditions precedent; none being
excepted.

THIS was an appeal from an order made at a special term, allowing a demurrer to the complaint. The necessary facts are set forth in the opinion of the court.

*John Owen*, for the appellants.

*B. Skaats*, for the respondent.

CLERKE, P. J. This is an action by the payees of two promissory notes, against an indorser. The makers expressly promise, in the instrument, to pay to the plaintiffs, or order, at their office, 94 Woodward avenue, Detroit.

The complaint avers that at maturity the notes were *duly* presented for payment, to the makers, but were not, nor was either of them, paid, nor any part thereof; of which the defendant had due notice. The defendant demurs, on the ground that this averment does not show a presentment in conformity with the requirement in the note—a demand at the makers' office, 94 Woodward avenue, Detroit.

Although it is well settled, at least in this state, that in an action against the maker, on a promissory note payable at a particular place, it is not necessary to aver a demand at that place, it is equally well settled that such an averment is necessary in an action against the indorser. The demand at the place indicated in the note is a *condition precedent* to the right of recovery against an indorser. He contracts only to be answerable in default of the maker, after demand has been made in strict compliance with the terms of the contract, and due notice of the default. Being in the character of a surety, his obligation is *strictissima juris*. *Chitty*, in his treatise on *Bills*, says: " in an action against the indorser of a promissory note, it is proper to aver a presentment at the particular place ; but against the latter it is not necessary." In other words, the provision to pay at a particular place relates only to the *mode* in which the contract shall be executed, as far as the maker is concerned, but, with regard

Ferner *v*. Williams.

to the indorser, it constitutes a *condition precedent*, on which his liability depends. (*Woodworth* v. *The Bank of America*, 19 *John.* 419. *Wolcott* v. *Van Santvoord*, 17 *id.* 248.)

The presentment, then, of the note in this case for payment at Detroit, being a condition precedent to entitle the plaintiffs to recover against the defendant, the facts which constitute the performance should, under the old system, be specially set forth. The 162d section of the code, however, I think, renders this unnecessary. It provides that the performance may be stated generally—that the party *duly* performed the conditions, &c. The averment in this complaint is, that the notes were *duly* presented for payment, to the makers thereof. The language of the code is general; so that it may be fairly applied to all conditions precedent. None are excepted. Nor is there any sufficient reason why the legislature should have retained the old rule in relation to negotiable paper, rather than any other species of contracts. The necessity of the change applies with equal force to all. I entirely agree with the opinions delivered at special term in *Gay* v. *Paine*, (5 *How. Pr. Rep.* 107,) and *Adams* v. *Sherrill*, (14 *id.* 297.)

The order of the special term should be reversed, without costs, and the demurrer be overruled, with liberty to the defendant to answer in ten days after entry and notice of the order to be entered on this decision.

LEONARD, J. concurred.

INGRAHAM, J. (dissenting.) I concur in the opinion of the presiding justice so far as relates to the necessity of an averment in the complaint, that a note payable at a particular place, had been demanded at that place, in order to charge the indorser. But I do not concur in the opinion that such averment is sufficiently made out by the words used in this complaint.

In *Gay* v. *Paine*, (5 *How. Pr. Rep.* 107,) such a position

is distinctly laid down, and in *Adams* v. *Sherrill*, (14 *id.* 297,) it was followed, Paige, J. however expressing his dissatisfaction with it.

The 162d section of the code says: " In pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part," &c.

The conditions here referred to are conditions stated in the contract to be performed on the one part, or which the other party is also required to perform on his part; but the section does not apply to those remedies which the law imposes, to enable a party having a claim against another to enforce that claim.

Even conceding that the section referred to applies to the averments necessary of a demand of payment of a promissory note, and notice of non-payment, still the averment in this complaint is not a compliance with that section. The words used in the complaint are that the " *notes were duly presented for payment to the makers thereof.*" This is not an averment of any demand at the place, or of performance of the condition necessary to enforce the indorser's liability. Had the averment been "that the note was duly presented for payment," it might have come within Justice Gridley's decision in *Gay* v. *Paine,* (5 *How.* 107;) but here the plaintiffs aver a demand of the maker. This was not the condition. The condition was a demand at the place of payment, and it was immaterial whether the maker was there or not. Suppose, in proof of that averment, it was shown that the note was presented to the maker in New York and properly demanded of him, it would not be argued that such presentment was sufficient; and yet that would be full proof of the allegation in the complaint.

I concur fully with Woodruff, J. in *Graham* v. *Machado,* (6 *Duer,* 514,) as to the construction of the 162d section of

the code, and the impropriety of applying it to the case of the demand of payment of a promissory note. The order at special term should be affirmed.

Order reversed.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard*, Justices.]