## FERNER *a.* WILLIAMS.

*Supreme Court, First District; General Term, January,* 1862.

### PLEADING CONDITION PRECEDENT.—DUE PERFORMANCE.

To charge the indorser upon a note payable at a particular place, the complaint must contain an averment to the effect that payment was demanded at such place.

The conditions of liability upon negotiable paper are within the cases provided for in section 162 of the Code.

In an action against the indorser of a promissory note payable at a particular place, the complaint averred that at maturity the note was duly presented for payment to the makers;—*Held,* a sufficient averment of presentment at the place named.

Appeal from an order sustaining a demurrer.

This action was brought by Simon Ferner and Hymes Kraushaar against Alfred L. Williams, upon two promissory notes

of R. H. Gibson & Co., indorsed by Williams. These notes were by their terms payable at the office of the makers, 94 Woodward Avenue, Detroit. After setting out the making of the notes, and describing but giving no copy of them, and plaintiffs' title, the complaint averred, "that at maturity said notes were duly presented for payment to said makers thereof, but were not, nor was either of them paid, nor any part thereof, of which the defendant had due notice."

The complaint also contained an averment of the amount due from the defendant upon these notes, and concluded with the usual demand for judgment. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by Mr. Justice W. F. Allen at special term, and plaintiffs appealed.

*John Owen*, for the appellants.—I. A complaint to be overthrown by a demurrer, under Code, § 144, subd. 6, must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the allegations to be admitted, that they furnish no cause of action whatever. (Richards *a*. Edick, 17 *Barb.*, 260; People *a*. Mayor, &c., of N. Y., 8 *Abbotts' Pr.*, 7.)

II. Section 162 of the Code applies to a complaint to charge the indorser of a bill of exchange or promissory note. (Gay *a*. Paine, 5 *How. Pr.*, 107; Adams *a*. Sherrill, 14 *Ib.*, 297.) The only authority adverse is Graham *a*. Machado (6 *Duer*, 514), which it is submitted would have been decided the other way, had the complaint in that case alleged that the bill was duly presented to the drawee, as it was in this case. The interpretation which that decision gives the words "conditions precedent" in Code, § 162, is not sustained by authority. The demand, &c., necessary to charge the indorser, are properly designated *conditions precedent* to the right of recovery. (*Edw. on Prom. Notes*, 481, 483, 493; Wolcott *a*. Van Santvoord, 17 *Johns.*, 248; Bank of U. S. *a*. Smith, 11 *Wheat.*, 171; Caldwell *a*. Cassidy, 8 *Cow.*, 271; Bank of Geneva *a*. Gulick, 8 *How. Pr.*, 51.)

III. Even before the Code, when a note was made payable at the payee's office, and the payee was the holder, the averment in the complaint of a demand at the place designated was not necessary. (*Edw. on Prom. Notes*, 497; Bank of U. S. *a*.

Smith, 11 *Wheat.*, 171 ; *Chitt. on Bills*, 366 ; Gillett *a.* Averill, 5 *Den.*, 85.)

*Bartholemew Skaats*, for the respondent.—I. These notes being payable at a particular place, it was an essential condition of defendant's liability that they should be presented at such place for payment. (*Edw. on Prom. Notes*, 496.)

II. As the defendant is not liable, unless the notes were presented at the place of payment, the complaint should have stated the fact of such presentment at that place. This has not been done, and the demurrer was well taken. (Spellman *a.* Weider, 5 *How. Pr.*, 5 ; 2 *Chitt. Pl.*, 131.)

III. Section 162 of the Code cannot avail the plaintiffs. 1. That section obviously refers to conditions, properly so called, to be performed by the party himself, and expressed in the contract. It never was intended to apply to those formal acts of demand and notice, which the rules of commercial law require as the conditions of an indorser's liability. (Graham *a.* Machado, 6 *Duer*, 517.) Page, J., in Adams *a.* Sherrill (14 *How. Pr.*, 297), virtually expresses the same opinion. In Woodbury *a.* Sackrider (2 *Abbotts' Pr.*, 402), and Gay *a.* Paine (5 *How. Pr.*, 107), this question was not well considered. 2. The plaintiffs have not stated generally, or in any way, a performance of the conditions on their part. On the contrary, they allege a presentment to the maker, not at the place of payment, thus showing that one important condition has not been performed. The complaint may be true in every respect, and the defendant not liable. The word "duly" in this connection is of no effect; it expresses no fact, but merely a conclusion of law. (1 *Chitt. Pl.*, 236.)

IV. The complaint was not framed in reference to Code, § 162. Instead of pleading a general performance of all conditions, it sets out specifically, in the common-law method, what conditions the plaintiffs have performed. Its sufficiency should then be determined by the ordinary well-settled rules of pleading. (Hatch *a.* Peet, 23 *Barb.*, 575 ; Graham *a.* Machado, 6 *Duer*, 517–519.)

By the Court.—Clerke, J.—This is an action by the payees of two promissory notes against an indorser. The makers ex-

pressly promise in the instrument to pay to the plaintiffs or order at their office, 94 Woodward Avenue, Detroit.

The complaint avers that at maturity the notes were duly presented for payment to the makers, but were not, nor was either of them paid, nor any part thereof, of which the defendant had due notice.

The defendant demurs on the ground that this averment does not show a presentment in conformity with the requirement in the note, — a demand at the makers' office, 94 Woodward Avenue, Detroit.

Although it is well settled, at least in this State, that in an action against the maker on a promissory note, payable at a particular place, it is not necessary to aver a demand at that place, it is equally well settled that such an averment is necessary in an action against the indorsers.

The demand at the place indicated in the note is a condition precedent to the right of recovery against an indorser. He contracts only to be answerable in default of the maker, after demand has been made in strict compliance with the terms of the contract, and due notice of default. Being in the character of a surety, his obligation is *strictissimi juris.* Chitty in his Treatise on Bills says: " In an action against the indorser of a promissory note, it is proper to aver a presentment at the particular place; but against the maker it is not necessary." In other words, the provision to pay at a particular place relates only to the mode in which the contract shall be executed as far as the maker is concerned, but with regard to the indorser it constitutes a condition precedent on which his liability depends. (Woodworth *a.* Bank of America, 19 *Johns.,* 391, 419 ; Wolcott *a.* Van Santvoord, 17 *Ib.,* 248.)

The presentment, then, of the note in this case for payment at Detroit being a condition precedent to entitle the plaintiff to recover against the defendant, the facts which constitute the performance of it should, under the old system, be specially set forth. The 162d section of the Code, however, I think, renders this unnecessary ; it provides that the performance may be stated generally that the party duly performed the conditions, &c. The averment in this complaint is, that the notes were duly presented for payment to the makers thereof. The language of the Code is general, so that it may be fairly applied

to all conditions precedent; none are excepted; nor is there any sufficient reason why the Legislature should have retained the old rule in relation to negotiable paper rather than any other species of contracts. The necessity of the change applies with equal force to all.

I entirely agree with the opinions delivered at special term in Gay *a.* Paine (5 *How. Pr.*, 107), and Adams *a.* Sherrill (14 *Ib.*, 297).

The order of the special term should be reversed without costs, and the demurrer overruled, with liberty to the defendant to answer in ten days after entry, and notice of the order to be entered on this decision.

SUTHERLAND, J., concurred.

INGRAHAM, P. J. (dissenting).—I concur in the opinion of the presiding justice, so far as relates to the necessity of an averment in the complaint that a note payable at a particular place had been demanded at the place in order to change the indorser.

But I do not concur in the opinion that such averment is sufficiently made out by the words used in this complaint.

In Gay *a.* Paine, (5 *How. Pr.*, 107), such a position is distinctly laid down; and in Adams *a.* Sherrill (14 *Ib.*, 297), it was followed,—PAIGE, J., however, expressing his dissatisfaction with it.

The 162d section of the Code says: " In pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally, that the party duly performed all the conditions on his part," &c.

The conditions here referred to are conditions stated in the contract to be performed on the one part, and which the other party is also required to perform on his part; but the section does not apply to those remedies which the law imposes, to enable a party having a claim against another to enforce that claim.

Even conceding that the section referred to applies to the averments necessary of a demand of payment of a promissory note, and notice of non-payment, still the averment in this com-

plaint is not a compliance with that section. The words used in the complaint are, that the "notes were duly presented for payment to the makers thereof." This is not an averment of any demand at the place, or of performance of the condition necessary to enforce the indorser's liability. Had the averment been that the note was duly presented for payment, it might have come within Justice Gridley's decision in Gay a. Paine (5 *How. Pr.*, 107). But here the plaintiff avers a demand of the maker. This was not the condition. The condition was a demand at the place of payment, and it was immaterial whether the maker was there or not. Suppose, in proof of that averment, it was shown that the note was presented to the maker in New York, and properly demanded of him, it would not be argued that such presentment was sufficient; and yet that would be full proof of the allegation in the complaint.

· I concur fully with WOODRUFF, J., in Graham a. Machado (6 *Duer*, 514), as to the construction of the 162d section of the Code, and the impropriety of applying it to the case of the demand of payment of a promissory note.

The order at special term should be affirmed.

Order of the special term reversed, and demurrer overruled.