## NILS P. JOHNSON

*vs.*

## JOHN D. HOWARD.

When parties to a contract stipulate that a commodity, the delivery of which is the subject matter of the agreement, shall be measured by a third person designated, and the measurement is defined and fixed, such stipulations are binding upon both parties.

In an action for the price of stone delivered under such contract, the plaintiff must allege that the stone delivered have been measured by the person designated in the agreement, and that the quantity charged has been ascertained by such measurement, or he must state facts which relieve him from the necessity of alleging or proving these things.

The general allegation in the complaint, that "the plaintiff has duly performed all and singular the conditions to be performed on his part in pursuance of the contract," is not sufficient. *Sec. 92, chap. 66, Gen. Stat.* is not applicable to such a state of facts.

Appeal from an order of the district court for St. Louis county, overruling a demurrer to the complaint, which was upon a written contract, made between the plaintiff of the first part and defendant of the second part, and containing the following provisions :

"In consideration, &c., the party of the first part covenants and agrees to furnish to said party of the second part, one thousand or more cords of stone, as hereinafter specified, viz. : The quality of said rock or     "Quality."

stone shall be such as shall be accepted by
the government officers in charge of the
Superior Harbor Improvements at the
" Entry."

Said stone shall be delivered broken, as    " Delivery."
required, on board of boats to be furnished
by said party of the second part, and as
fast as may be required to fill the cribs of
said improvement; said party of the first
part shall not be responsible for the deliv-
ery of stone at cribs, or for non-delivery
by reason of wreck. The place of delivery    " Place of."
shall be on the north shore of Lake Supe-
rior, within six miles of the elevator at
Duluth, and at such places as a scow or
steamboat may float with safety to be load-
ed. The stone shall be measured by the    " Measurement."
government officer in charge of the U. S.
work, and shall be the same as may be
allowed said party of the second part.

The price to be paid for each and every    " Price."
cord of rock, as above specified, excavated
and delivered, shall be the sum of $3.75-100
by said party of the second part.

The payment for said rock, so delivered,    " Payments."
shall be made by said party of the second
part, as often as government estimates are
made thereof on said work.

After thus setting forth the contract, the complaint pro-
ceeds : " That between the 22d May, 1871, and the 20th Octo-
ber, 1871, this plaintiff delivered to the defendant 1,356 cords
of stone of good quality, and broken as required, upon the
boats furnished by said defendant, on the north shore of

Lake Superior, and within six miles of the elevator at Duluth, at places where scows and steamboats could float with safety to be loaded, and as fast as the said stones were required to fill the cribs at the Superior Harbor Improvement at the "Entry." That the said defendant took and removed the said stones so furnished, upon the boats whereon the same were loaded by this plaintiff, and took full and entire charge of the same, and that the government estimates for the Harbor Improvement in said Superior Entry were fully made before the 15th February, 1872, and this plaintiff avers that he has duly performed all and singular the conditions to be performed on his part, in pursuance of the contract hereinbefore set forth." The complaint admits certain partial payments, alleging a balance due, for which judgment is demanded.

EGAN & BILLSON, for Appellant.

SETZER & THOMPSON, for Respondent.

*By the Court.*—McMILLAN, CH. J.—The particular portion of the agreement, upon which the defendant relies in support of his demurrer to the complaint, is the following clause :

"The stone shall be measured by the government officer in charge of the U. S.    "Measurement." work, and shall be the same as may be allowed said party of the second part."

The language of this clause of the agreement, set forth in the complaint, whether considered by itself, or in connection with the rest of the instrument, and the marginal notations by the parties opposite the several clauses of the contract, will admit of but one reasonable construction, which is that the stone shall be measured by the officer therein designated, and the measurement shall be the same as may be allowed said party of the second part.

Johnson v. Howard.

It is to be inferred from the agreement, that the stone to be delivered to the defendant under the contract were to be used by him in fulfilling a contract with the United States government, and that, under the latter contract, the measurement of the stone was to be made by a government officer in charge of the public work. The parties to this contract intended, we think, to make the measurement of the officer, under that contract, the standard for determining the quantity of stone delivered under this one. The parties have thus, by their mutual stipulation, determined upon the manner in which the quantity of stone delivered under the contract shall be ascertained, and have designated a third person as the person who shall, by his measurement, ascertain and determine such quantity. The stipulation thus made is binding upon both parties, and in order to maintain an action against the defendant, for a breach of the agreement in refusing to pay for the stone delivered, the plaintiff must allege that the stone delivered have been measured by the officer designated in the agreement, and that the quantity charged has been ascertained by such measurement, or else he must state facts which relieve him from the necessity of alleging or proving these things. *United States vs. Robeson,* 9 *Pet.* 326 ; *Butler vs. Tucker,* 24 *Wend.* 447 ; *Smith v. Briggs,* 3 *Den.* 73.

It is claimed by the plaintiff, that under *sec.* 92, *chap.* 66, *Gen. Stat.,* it is not necessary to aver these facts, but that the general allegation in the complaint, " that the plaintiff has duly performed all and singular the conditions to be performed on his part in pursuance of the contract," is sufficient.

The section of the statute relied on is as follows : " In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such

allegation is controverted, the party pleading is bound to establish on the trial the facts showing such performance." Whatever may be the effect of this section, we are of opinion that it is not applicable to the facts of this case. By the terms of this agreement, the measurement of the stone is to be made, and the quantity delivered to be ascertained, not by the plaintiff, nor by the defendant, but by a third person, a stranger to the contract, who, by the stipulation is, *pro hac vice*, the agent of both parties   *Graham vs. Machado*, 6 *Duer*, 514, 518.

If it is necessary for the plaintiff to aver the measurement of the stone by the officer designated in the agreement, and the quantity delivered as determined by such measurement, or to allege facts which supersede the necessity of such averments, then no sufficient allegation of delivery can be made without such averments. The allegation of delivery, contained in the complaint, is therefore bad, and, not being well pleaded, is not admitted by demurrer.

The order overruling the demurrer is reversed.