Barrett, J.
The only ground of demurrer which seems to amount to anything here is that which attacks the averment as to presentation.
The complaint charges due presentment, but not due presentment to the maker nor at the place where the note was payable according to its tenor. There is a conflict of authority upon this point. Several cases hold it to be necessary to aver presentment to the maker or at the place of payment (Spellman v. Weider, 5 How. Pr. 5 ; Price v. McClare, 6 Duer, 544 ; affirming 3 Abb. Pr. 254); others hold an allegation of due presentment to be sufficient within the provision of the Code as to the manner of pleading conditions precedent (Adams v. Sherrill, 14 How. Pr. 297 ; Woodbury v. Sackrider, 2 Abb. Pr. 405). The latter I think the better view, and if I were hearing the demurrer as an issue of law, my impression is that I should so hold. But I am clearly of opinion that the demurrer is not absolutely frivolous, and consequently that the present motion should be denied with $10 costs to abide the event.
Again, trial of demurrer at special term.
Van Vorst, J.
[After reiterating the rule that the original consideration expressed in the note is enough to entitle the plaintiff as the owner to recover upon it.] —In regard to the second ground of demurrer there is an apparent conflict of authority. But I agree with Justice Barrett in the opinion expressed by him when this case was before him at chambers, that the averment in the complaint that the note, at the instance of the holder, “was duly presented for payment, and *303 payment thereof demanded and refused,” was sufficient.
I think that such statement in the complaint is a sufficient averment of the performance of the condition precedent necessary to charge an indorser under the provisions of the Code (Code, § 533 ; Femer v. Williams, 37 Barb. 9'; S. C., 14 Abb. Pr. 215 ; Adams v. Sherrill, 14 How. Pr. 297).
There should be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer on payment of costs.