## JOHN EAKRIGHT V. JOHN TORRENT.

*Logging contract—Quantum meruit—Conclusiveness of scale.*

In a suit by a contracter to recover upon the *quantum meruit* the reasonable value of the work performed under a logging contract, the full performance of which had been prevented by the defendant, it appeared that the contract provided that the scale of the logs, made by scalers agreed upon by the parties, should be conclusive as to the quantity of timber cut, hauled, and delivered by the contractor, as far as regarded payments to be made therefor. And it is held that, in the absence of fraud or *gross error*,[2] the scale so made and established and reduced to writing became the superior and conclusive evidence upon the subject.

[2]It was held in *Malone v. Gates*, 87 Mich. 332, 336, that the term "gross mistake," as used with reference to a log scale, is a mistake which is clearly shown to have left out some of the logs, or to have increased the scale by a mistake in the tally or in the addition of the amounts on the tally sheets, or something of that nature, and not an honest error of judgment in the scaler.

Error to Muskegon. (Russell, J.) Submitted on briefs February 15, 1895. Decided May 21, 1895.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Sessions, Niskern & Bassett,* for appellant.

*Nelson De Long (John A. McLaughlin,* of counsel), for plaintiff.

MONTGOMERY, J. Defendant was the owner of certain timber in the townships of Muskegon and Dalton, in Muskegon county, and entered into a contract with the plaintiff, by the terms of which the plaintiff agreed to cut, haul, and deliver to the defendant, at his mill in the city of Muskegon, all the timber upon the descriptions of land named, at the agreed price of $4 per thousand feet, payable at stated intervals. The plaintiff offered evidence tending to show that, after about 6,000,000 feet of the logs were cut, the defendant prevented the completion of the contract by the plaintiff; and this suit is on the *quantum meruit,* to recover the reasonable value of the work which plaintiff performed under the contract before the defendant interposed to prevent its completion. Among other provisions the contract contained the following:

"It is hereby mutually agreed between the parties that the logs mentioned in and covered by this contract, as fast as skidded in the woods, shall be measured or scaled by a competent person or persons, to be agreed upon by the parties hereto, and in accordance with Doyle's rule or scale in use upon Muskegon river. Such scaler or scalers shall, at the time of making such scale, mark each log with such recorded log mark or marks of first party as he shall designate. Each party shall pay one-half of the wages and expenses of such scaler or scalers. The scale of such logs so made shall be final and conclusive as to the quantity of timber cut, hauled, and delivered by second party under this contract, as far as regards payments to be made therefor. Duplicate scale sheets or

bill, if required, shall be made by the scaler, and delivered to each party promptly."

The theory of the plaintiff is that as defendant has broken his contract, and failed of performance on his part, the plaintiff is entitled to recover for the work already done on the *quantum meruit*, and that, in an action to recover on this basis, he is not bound at all by the stipulations of the contract, and may ignore that relating to the conclusiveness of the scale made by the agreed scaler.

It is a rule that has been applied in a certain class of cases that if there has been a special contract, and the plaintiff has performed part of it according to its terms, and has been prevented by the act of the defendant from completing it, he may recover upon the *quantum meruit* the reasonable price of the services already performed. See *Hemminger v. Assurance Co.*, 95 Mich. 357, and cases cited. But see 3 Amer. & Eng. Enc. Law, 921, 922; and *McGregor v. Estate of Ross*, 96 Mich. 103; 2 Suth., Dam. (2d ed.) § 713.

The circuit judge charged the jury, not only that if the jury found that a breach was committed by the defendant, by a refusal to permit the plaintiff to continue in a performance of the contract, the plaintiff might recover the reasonable price of the work done, but also charged the jury that in such case the scale of logs already manufactured would not be binding upon the parties. The instruction upon this subject is as follows:

"If you find that this contract was violated by defendant, by himself or his superintendent discharging the plaintiff before his work was completed, then I instruct you that no portion of the contract is binding upon the plaintiff; and therefore the plaintiff would not be bound by the scale made by the scaler, unless the scale should be found by you to be correct, but may prove the amount of timber cut, skidded, and hauled by any competent evidence."

Does it result, in a case where a party to such a contract as the present is entitled to sue and recover upon

the *quantum meruit*, that such a stipulation as that contained in the present contract, relating to the scale, may be wholly set aside? If the breach of this contract by defendant had been a refusal to pay when the work was completed, there can be no doubt that the stipulation would be binding. 13 Amer. & Eng. Enc. Law, 1034; *Johnson v. Howard,* 20 Minn. 370; *Malone v. Gates,* 87 Mich. 332. There is a *dictum* in *Chapman v. Dease,* 34 Mich. 375, which tends to sustain the view adopted by the circuit judge. But no such holding was necessary to the determination of the question in that case, as the case turned upon the point that the contract between the parties did not give the scaler the right to determine the percentages of different qualities contained in the logs, and that was the question to which the testimony was directed. Unless the defendant is to be punished beyond the actual damages sustained by the plaintiff for a breach of the contract, we can see no good reason why the scale fixed by agreement of the parties should not be controlling whenever the quantity becomes the subject of judicial inquiry in a suit between the parties. If it be said that it does sometimes result under the rule permitting a recovery under the *quantum meruit* that the defendant is punished by being compelled to pay more than the contract price, the answer is that this is permitted upon the theory that it is one means of measuring the damages of the plaintiff, and, in case of a non-severable contract, perhaps the only means. But the stipulation relative to scaling is a rule of evidence established by the parties, and no logical reason has been suggested why this rule of evidence should not control on the trial of any issue which may arise between the parties where the subject-matter to be determined is that which they themselves have fixed a means of determining. The rule is analogous to that which makes the written evidence of a contract the controlling and only admissible evidence. In fact, in practice, the scale is entered in writing, and the opportunity to obtain correct information oftentimes

passes by when the scale is entered and the logs banked or put afloat. The contract has been to this extent acted upon and executed by both parties, and the scale established and reduced to writing becomes the superior, and, we think, conclusive, evidence upon the subject, in the absence of fraud or such gross error as is referred to in *Malone v Gates*, 87 Mich. 332. The danger of any other rule is well illustrated in this case. Loose testimony, based upon an inspection of the stumps left upon the ground, was admitted, and guesswork as to the number of logs per thousand which a proper scale would show was permitted to overcome the actual scale of the scalers mutually agreed upon; and the jury were, under the instructions, authorized to accept this testimony, even though the scaler committed no fraud, and though no error as to the number of logs was pointed out, and though no actual scale subsequently made showed even any error in judgment. We think it would be unjust to permit this kind of testimony to overcome that which the parties themselves have seen fit to fix as the only competent testimony to determine the identical question which the jury are called to pass upon.

The view which we take of this question renders it unnecessary to consider numerous of the exceptions taken to the introduction of testimony.

Error is assigned upon some rather intemperate remarks of counsel, which it is unnecessary to set out, as it is not likely that they will be repeated upon another trial.

For the error stated, the judgment must be reversed, and a new trial ordered.

The other Justices concurred.