(42 App. Div. 247.)

### YOUNGS et al. v. PERRY et al.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

1. BILLS AND NOTES—INDORSEMENT BY AGENT.
    It is competent for an agent of a corporation to indorse a note for it by signing its name without adding his own as agent, and to show his authority to do so by extraneous evidence.

2. SAME—ACTION—COMPLAINT.
    Code Civ. Proc. § 533, providing that in pleading the performance of a condition precedent in a contract it is not necessary to state the facts constituting performance, but the party may state generally that he duly performed all the conditions on his part, applies to implied contracts; and an averment in a complaint in an action on a note that defendant "duly indorsed it to plaintiff" is a sufficient allegation as to the indorsement.

Appeal from special term, Kings county.

Action by William F. Youngs, David L. Youngs, and Charles A. Youngs against Charles J. Perry and the Biershenk Company. Judgment for plaintiffs on decision overruling demurrer, and defendant company appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Cooper, for appellant.

GOODRICH, P. J. The complaint sets out the making of a note to the order of the defendant corporation, and that the defendant duly

indorsed it to the plaintiffs by the words, "Pay W. P. Youngs and Brothers. Biershenk Co." The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and from the judgment entered thereon the defendant appeals.

There is but one point raised on this appeal,—that the form of the indorsement by the defendant corporation, to wit, "Biershenk Co.," without the addition of the name of the agent of the corporation by whom the indorsement was written, is imperfect, and insufficient to charge that defendant. This proposition cannot be sustained. We may assume that, as the indorser was a corporation, it follows of necessity that the written indorsement could not have been its personal act, but must have been done by an agent. But while it is the preferable way for an agent, in executing any instrument in the name of the principal, to add his own name as agent, so that the instrument may show by what person the signature was written, still, in law, the writing of the name of the principal alone is sufficient. It is competent and proper, also, for the agent to sign simply the principal's name, and to show his authority to do so by extraneous evidence; for, as said by the United States supreme court, Johnson, J., writing:

"It is by no means true * * * that the acts of agents derive their validity from professing, on the face of them, to have been done in the exercise of their agency. In the more solemn exercise of derivative powers, as applied to the execution of instruments known to the common law, rules of form have been prescribed. But, in the diversified exercise of the duties of a general agent, the liability of the principal depends upon the facts (1) that the act was done in the exercise, and (2) within the limits, of the powers delegated. These facts are necessarily inquirable into by a court and jury." Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326, 337, 338.

In Forsyth v. Day, 41 Me. 382, the court held distinctly that a principal may authorize his agent to act for and bind him in one name as well as another, that an agent authorized to sign the name of his principal effectually binds him by simply affixing to the instrument the name of the principal as if it were his own name, and that such authority may be shown aliunde. See, also, Hunter v. Giddings, 97 Mass. 41.

In the case at bar the important allegation is that the corporation indorsed the note. This, and not the circumstances under which the indorsement was made, is the fact necessary to establish the liability of the defendant. The plaintiff on the trial will be bound to prove that the name of the corporation was indorsed on the note by some person or officer authorized to sign the name of the corporation. Such proof will sustain the allegation that the defendant duly indorsed the note. The use of the word "duly" is sanctioned by section 533 of the Code of Civil Procedure in pleading the performance of a condition precedent in a contract. It has been held that an allegation that payment of a note was duly demanded at maturity, and that the note was thereupon duly protested for nonpayment, and notice thereof duly given to the indorser, was sufficient, under section 162 of the old Code of Procedure, which corresponds with section 533 of the Code of Civil Procedure. Adams v. Sherrill, 14 How. Prac. 297, where the court said:

"Had not a different construction been given to the first clause of that section, I should have been inclined to hold that it was intended to apply only to contracts wherein the conditions precedent are expressly stated, and not to contracts where such conditions are implied by law, as in cases of the contract of indorsement. But, as it has been several times held in this court that this clause of the 162d section does apply to the contract of indorsement, I feel bound to follow the decisions on this subject. See Gay v. Paine, 5 How. Prac. 107; President, etc., v. Gulick, 8 How. Prac. 53."

In Gay v. Paine, 5 How. Prac. 107, last referred to,—an action against both maker and indorser of a note,—it was held that an allegation that a note was duly presented for payment was sufficient without specifying the place of the demand. The fact of the demand was also defined as a "condition precedent." It is said in Brownell v. Town of Greenwich, 114 N. Y. 527, 22 N. E. 26: "'Duly,' in legal parlance, means according to law." Writing these words into the complaint, can it be said that an allegation that the defendant indorsed the note according to law is demurrable? We think not. If the defendant desires to deny the due indorsement of the note, it can set up such denial by answer. But on demurrer we consider the allegation a sufficient statement of a proper indorsement by the corporation. The judgment should be affirmed.

Judgment affirmed, with costs.    All concur.