JULIUS BERMAN, Respondent, *v.* STANDARD WOOD HEEL CO., INC., Appellant.

Supreme Court, Appellate Term, Second Department, January 31, 1925.

**Pleadings — action on contract — pleading, alleging making of contract for valuable consideration, though not reciting date thereof, is sufficient.**

A pleading, which alleges the making of a contract " for a valuable consideration," though it fails to recite the date thereof, sufficiently pleads consideration and is sufficient upon its face, since it is neither essential to state the value or character of the consideration of the contract nor to set out the date thereof, particularly where it is alleged that the contract was executed before the commencement of the action.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Second District.

*Samuel Rubinton,* for the appellant.

*William H. Mansfield,* for the respondent.

PER CURIAM:

Judgment and order unanimously reversed upon the law, with ten dollars costs to appellant, and motion denied, with ten dollars costs.

The sole question is whether the defense is sufficient upon its face, as the motion is for judgment upon the pleadings and not for a summary judgment. A pleading that alleges the making of a contract " for a valuable consideration " sufficiently pleads the consideration. It is not necessary to state the nature or character of it. (*California Packing Corporation* v. *Kelly Storage & Distributing Co.,* 228 N. Y. 49.) So it has been held that an allegation in a pleading that a party had " legal title " was good (*Sultan of Turkey* v. *Tiryakian,* 213 N. Y. 429, 435); also that something was " duly " performed. (*Brownell* v. *Town of Greenwich,* 114 N. Y. 518, 527; *Youngs* v. *Perry,* 42 App. Div. 247; *Levy* v. *Cohen,* 103 id. 195; *Benedict* v. *Clarke,* 139 id. 242; *Maune* v. *Unity Press,* 143 id. 94.) The fact that the date of the contract is not stated is immaterial. The pleading does say that it was made before the commencement of the action. This is sufficient. The defense is, therefore, not insufficient upon its face, and the motion should not have prevailed.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.