## Case No. 17,646.

### WILD v. BANK OF PASSAMAQUODDY.

[3 Mason, 505.] [1]

Circuit Court, D. Maine. May Term, 1825.

BANKS—AUTHORITY OF CASHIER—INDORSEMENT OF PAPER—BILLS OF EXCHANGE—NON-ACCEPTANCE—NOTICE TO DRAWER.

1. A cashier of a bank has prima facie authority to indorse, on behalf of the bank, the negotiable securities held by it. If there be any restriction of his authority, it must be proved by the bank.

[Cited in Merchants' Bank v. State, 10 Wall. (77 U. S.) 650; Case v. Citizens' Bank, 100 U. S. 454; First Nat. Bank v. Stewart, 114 U. S. 229, 5 Sup. Ct. 848.]

[Cited in brief in Bank of the State v. Wheeler, 21 Ind. 95. Cited in Cochecho Nat. Bank v. Haskell, 51 N. H. 121. Distinguished in Corser v. Paul, 41 N. H. 28; Elliot v. Abbot, 12 N. H. 556. Cited in Kimball v. Cleveland, 4 Mich. 608. Cited in brief in Nichols v. Frothingham, 45 Me. 224. Cited in Potter v. Merchants' Bank, 28 N. Y. 649; Smith v. Lawson, 18 W. Va. 227; State v. Commercial Bank of Manchester, 6 Smedes & M. 218.]

2. If an indorser is once fixed by due notice of the non-acceptance of a bill, no delay of the holder to return the bill and demand payment takes away his right of recovery, notwithstanding the drawer may, in the intermediate time, have failed.

Assumpsit on a bill of exchange by the plaintiff [William Wild], as indorsee, against the defendants, as indorsers. The bill was drawn by one James Franklin on E. F. Green, London, for £200 sterling, payable to one Patterson, or order, in ninety days after sight. The bill was indorsed by Patterson in blank, and by a course of negotiation became the property of the Bank of Passamaquoddy, and was indorsed by the cashier thereof in behalf of the bank, and came to the possession of the plaintiff by a subsequent indorsement. It was duly presented to the drawee and protested for non-acceptance, and due notice thereof given to the bank.

At the trial upon the general issue, Mr. Greenleaf, for defendants, took several ob-

[1] [Reported by William P. Mason, Esq.]

jections to the plaintiff's right of recovery: (1) That it was not shown by the plaintiff, that the cashier was specially authorized to indorse the bill in behalf of the bank. (2) That the plaintiff had not returned the bill to the defendants, and demanded payment until more than a year after the time, when notice had been given of the non-acceptance, and in the mean time the drawers had failed.

Mr. Emery, for plaintiff, e contrâ, contended: (1) That no special authority in the cashier need be shewn by the plaintiff. (2) That the delay in the return of the bill was no objection to the recovery, the defendants having been fixed with responsibility by due notice of the non-acceptance.

STORY, Circuit Justice. My opinion is, that neither of the objections is well founded in law. The cashier of a bank is, virtute officii, generally entrusted with the notes, securities, and other funds of the bank, and is held out to the world by the bank as its general agent in the negotiation, management, and disposal of them. Primâ facie, therefore, he must be deemed to have authority to transfer and indorse negotiable securities, held by the bank, for its use and in its behalf. No special authority for this purpose is necessary to be proved. If any bank chooses to depart from this general course of business, it is certainly at liberty so to do; but in such case it is incumbent on the bank to show, that it has interposed a restriction, and that such restriction is known to those with whom it is in the habit of doing business. In the present case, the cashier has, as cashier, indorsed the bill in behalf of the bank, and this is primâ facie evidence of authority, it being within the ordinary duties performed by such an officer. If he was restricted in his authority, it is for the defendants to shew it. The proof is in their possession, and the plaintiff, who is a stranger to their regulations, cannot be presumed to be conusant of it.

As to the other point, the defendants were, in point of law, fixed by due notice of the non-acceptance of the bill. The rights of the plaintiff were then complete. He was not bound to present the bill to them for payment within any particular time, nor is he bound to prove how, or when, and by what circuitous routes the bill was in fact returned to him. If the defendants had any interest in a speedy return, it was their duty to make inquiries, and take up the bill as soon as possible. But as to the plaintiff, I do not know, that an omission to demand payment and produce the bill for any period short of that of the statute of limitations, would operate as a bar to a recovery. If the bill were suppressed from fraud (of which there is no pretence in this case), it might give rise to another sort of inquiry, the effect of which it is unnecessary to consider. There is no principle within my knowledge, that requires the holder of a bill to demand payment of a prior indorser within any particular period, after the latter has been once fixed by due notice of the non-acceptance.

Verdict for plaintiff.