Bosworth, J.
The plaintiff seeks to charge the defendant, as acceptor of a bill of exchange, a copy of which and of the acceptance thereof, is set out in the complaint. The complaint alleges, that the plaintiff, who is the payee, of the bill, is the holder and owner of it; that no part of it has been paid, but that the whole amount of it is justly due to the plaintiff from the defendant; and prays judgment against the defendant for the amount of it, with interest from its maturity, besides costs.
The Code provides, that in an action upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specific'sum which he claims. (§ 162.)
All that has been done in this case, and the instrument is unquestionably one for the payment of money, and for the payment of money only. The acceptor is the party primarily liable, and his contract is absolute and unconditional.
In support of the demurrer, it is contended, that as it is not averred that the bank accepted, nor that Lloyd was its president and authorized to accept, and did accept as such president, there is no connexion between the bank and the bill apparent on the face of the bill; that none is averred by the complaint, and, therefore, it does not state facts sufficient to constitute a cause of action.
The bill is addressed,
“ To John Lloyd, Esq.,
“ President of the Astor Bank, “New York.”
And is accepted thus,
“ Accepted,
‘John Lloyd,
“ President.”
*631 I apprehend, that any ordinary man of common understanding, holding, or being offered such a bill, would read it as being a bill drawn on the Astor Bank, and accepted by the bank, by its president.
The complaint states everything relating to it, which the Code requires, § 162. The Code having enacted such a form of complaint to be good, I have neither the power nor the inclination to adjudge it to be bad.
The system of pleadings and practice superseded by the Code, ° did not require any more to be stated than this complaint contains.
It was enough to declare on the common counts, annex a copy of the bill, and a notice that the bill and acceptance thereof was the plaintiff’s only cause of action.
The defendant was not at liberty to interpose a plea, unless he served with it an affidavit, that he had a good defence on the merits, to the bill or some part thereof. '
The defendant is subjected to no inconvenience. If there is any defence, it is to be set up by answer. There can be no doubt for what the action is brought, nor what proof is required to sustain it, if the acceptance of the bill by the defendant be denied.
The Code having provided this form of complaint, the plaintiff must have judgment on the demurrer.
It must not be supposed that this decision is at all at variance with the prior decisions of this court in Lord v. Cheesebrough, 4 Sand. 696, and Adler v. Bloomingdale, 1 Duer, 601. In each of those cases, it did not appear, on the face of the complaint, that the defendant was certainly liable, but to show his liability, extrinsic facts were necessary to be averred. In each case, the note declared on was not an instrument for the payment of money only, within the meaning of the Code; but that a bill of exchange, when the action is against the acceptor, is such an instrument, cannot be denied.
The defendant, on filing an affidavit of merits, may withdraw the demurrer and put in an answer in ten days, on payment of the costs of the demurrer, and stipulating to take notice of trial for the June term.