## THE BANK OF THE STATE OF NEW YORK *vs.* THE FARM-ERS' BRANCH OF THE STATE BANK OF OHIO.

The cashier of a bank has no power to make a contract for the bank, in his own name, unless the corporation has authorized him to do so, on its behalf, and with the intention that it should be bound.

Accordingly, where a cashier, though authorized to indorse, for the purpose of transmitting to other banks for collection, bills and notes deposited with his bank or discounted by it, had no special authority to affix his name, or that of the bank, for the purpose of making the corporation liable on a contract of indorsement, but in order to facilitate the collection of a bill he indorsed the same as follows: " Pay E. Ludlow, Cas. or order; P. S. Campbell, Cas." *Held* that the bank was not made liable as indorser of the bill.

Bank of State of New York *v.* Farmers' Branch &c. of Ohio.

THIS action was brought by the plaintiff, claiming to be the holder of a bill of exchange, against the defendant, as indorser. The answer denied that the defendant made any contract of indorsement upon the bill, but admitted that "the defendant's cashier, P. S. Campbell, for the sole purpose of facilitating its collection, wrote on the back thereof as follows: 'Pay E. Ludlow, Cas. or order; P. S. Campbell, Cas.' and transmitted the same to the defendant's agent, the Ohio Life Insurance and Trust Company at the city of New York, for collection only, and remittance of the proceeds thereof to the defendant, the said trust company not being authorized by the defendant to sell, pledge, or in any manner dispose of or use the said bill, except in collecting the sum secured thereby for the use of, and for remittance to, the defendant as aforesaid."

On the trial the complaint was dismissed, and the plaintiff appealed.

*A. W. Clason,* for the appellant.

*E. Pierrepont,* for the defendant.

*By the Court,* CLERKE, P. J. Assuming that the plaintiffs are *bona fide* holders of the bill in question, are they entitled to recover? The solution of this question depends upon the effect of the indorsement made by the defendant's cashier. The name of the defendant's corporation does not appear any where on the paper. The bill was indorsed "Pay E. Ludlow, Cas. or order," signed "P. S. Campbell, Cas." It is not disputed that Campbell was the cashier of the defendant, and that he was authorized to indorse, for the purpose of transmitting to other banks for collection, bills and notes deposited with the defendant or discounted by it. But it nowhere appears that the cashier was authorized to affix his name, or that of the bank, for the purpose of making the bank liable on a contract of indorsement. The general rule,

undoubtedly, is that in order to bind the principal, the agent must contract in the name of the principal, and not his own. As Judge Denio says, in *The Bank of Genesee* v. *The Patchin Bank*, (3 *Kernan*, 318,) in most of the cases varying from this principle, if not in all, though the engagement purported to be that of the person signing as agent, the name of the principal appeared in some part of the instrument; and that circumstance is particularly mentioned as essential. In *The Bank of Genesee* v. *The Patchin Bank*, that feature was wanting, as in the case before us. But the judge was of opinion that the Patchin Bank should be held liable as indorser upon a different ground—that of allowing the indorsement to be filled up according to the intention of the parties; and he cites several cases in which the right to do this was recognized. The whole amount of that decision, on the point in question, is, that where the cashier of a banking corporation *is authorized to indorse paper on its behalf*, and *with the intention of binding the corporation* he writes his name, "A. B., cash." on the paper, the holder is authorized to write the name of the corporation over the signature of the cashier, with proper words to make the indorsement in form a contract in the name and behalf of the corporation. In the case before us, nothing of the kind is shown; but, on the contrary, it is distinctly averred in the answer, that the cashier put his name on the bill for the sole purpose of facilitating collection; and that he transmitted the same to the bank's agent in the city of New York, for collection only. The plaintiff claims to recover solely on the ground that the name of the cashier appears on the bill, without proceeding to show that the indorsement was made in behalf the defendant, with the intention of binding it.

This conclusion does not in the slightest degree conflict with the decision in *The Farmers and Mechanics' Bank* v. *The Butchers and Drovers' Bank*, (16 *N. Y. Rep.* 125.) In that case the teller was authorized to certify checks; and it was held that, as he was authorized to make this representa-

tion of a fact, the bank was bound by his representations, even when he made a mistake. This was placed on the doctrine of *estoppel;* but it surely does not recognize the right of even the duly authorized officer of the bank to make a contract for it in his name, without showing that it authorized him to do so on its behalf, and with the intention that the bank should be bound.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]