ROBB and others *vs.* THE ROSS COUNTY BANK and others.

In the absence of any proof that the charter of a bank contains any restriction or limitation on the power of the bank to negotiate or indorse notes or bills of exchange, or on the authority of its cashier to indorse such negotiable paper for the bank, the presumption is that the bank has power, and its cashier authority, to indorse paper of that description.

Though it appears that a bill was indorsed by the cashier of a bank for the mere purpose of collection, or for some other special or limited purpose, such proof will not prejudice or affect the right of a *bona fide* holder for value, before maturity, to recover thereon against the bank; unless it be proved that he took the bill with notice of such special purpose, or under circumstances requiring him to make inquiry as to the purpose of the indorsement. *Per* SUTHERLAND, J.

Even though the bank had never owned the bill, or had any interest in it, that circumstance will not affect the right of an innocent holder for a valuable consideration, before maturity, to recover against the bank as indorser. *Per* Sutherland, J.

The omission of a cashier, on indorsing a bill of exchange, to write, before or after his name and the name of his office, the words "for the ——— bank," will not preclude the holder from recovering against the bank as indorser. An indorsement as follows: "B. P. K., cash'r," will bind the bank of which B. P. K. is cashier.

The case of *The Bank of the State of New York* v. *The Farmers' Branch of the State Bank of Ohio* (36 *Barb.* 332) overruled.

APPEAL from an order made at a special term, dismissing the complaint with costs. The action was brought against the defendant, the Ross County Bank, in Chilicothe, impleaded with others, as the indorser of a bill of exchange. The action was tried before Justice Clerke, at the New York circuit, without a jury. The following facts were found by the justice: 1. That the plaintiffs were, at the times mentioned in the complaint, partners in business as bankers, trading under the name, style and firm of Robb, Hallett & Co., in the city of New York, and that Thomas L. Hallett, one of the plaintiffs, is a resident of the state of New York. 2. That the defendant, The Ross County Bank of Chilicothe, at the times referred to in the complaint, was a corporation. 3. That the Sciota Valley Bank, on the 25th day of April, 1857, made their certain bill of exchange, or draft in writing, in the words and figures following, to wit:

"$300. *Sciota Valley Bank, Circleville, April* 21*st*, 1857.

Four months after date, pay to the order of W. W. Bierce, three thousand dollars. Acceptance waived.

S. A. Moore, Cashier.

To Atwood & Co., New York."

And directed the same to Atwood & Co., in the city of New York, in and by which bill of exchange or draft, they directed the said Atwood & Co. to pay, four months after date, to the order of W. W. Bierce, $3000, and that acceptance of the said bill of exchange was waived in writing in

said bill by the said Sciota Valley Bank, the drawers thereof. That the said W. W. Bierce, for value received, and before the said bill of exchange or draft became due and payable, indorsed the same to the Ross County Bank in Chilicothe. 4. That the said bill had and has on the back thereof the following words: "Pay Ross County Bank, in Chilicothe. W. W. Bierce. Pay E. Ludlow, Esq. cashier, or order. B. P. Kingsbury, cashr. Edwin Ludlow, cashr." 5. That the said B. P. Kingsbury was, in August, 1857, cashier of the said Ross County Bank, and that the words "B. P. Kingsbury, cashr," on the back of said bill, are in his proper handwriting. 6. That Edwin Ludlow was, in August, 1857, cashier of the Ohio Life Insurance and Trust Company, and that the words "Edwin Ludlow, cashr," on the back of the bill in suit, are in his proper handwriting. 7. That the plaintiff received the bill in suit before it became due. 8. That the said bill of exchange was, on the 28th of August, 1857, duly presented to the said Atwood & Co., at their office in the city of New York, and payment thereof demanded, which was refused, whereupon the same was duly protested, and due notice of protest was deposited in the New York city post office, August 28, 1857, directed to B. P. Kingsbury, cashier, Chilicothe, Ohio. The justice found the following conclusions of law: 1. That no contract of indorsement by the Ross County Bank, in Chilicothe, had been proved, nor any promise by said bank to pay the amount thereby secured, provided the drawers should not. 2. That it was not proved that the said Kingsbury intended, or was authorized, to bind the bank by any contract of indorsement, or that he had ever made a contract of indorsement on behalf of said bank, or that he did not intend to bind himself. 3. That the complaint should be dismissed, with costs. The plaintiffs asked the court to find, 1st. That the contract of indorsement by the Ross County Bank was proved. 2d. That the indorsement upon the bill was sufficient evidence of a contract of indorsement by the Ross County Bank in Chili-

cothe. · 3d. That Kingsbury, being the cashier of the said bank, was authorized to enter into a contract of indorsement, and that his indorsement on said bill bound the bank as indorser. These requests were denied, and the plaintiffs excepted.

*J. S. L. Cummins,* for the appellant.    I. The justice who tried this case erred in finding, as a conclusion of law, that no contract of indorsement by the Ross County Bank, in Chilicothe, had been proved.    (*a.*) It was proved on the trial that the draft in suit has the following indorsement upon it: "Pay E. Ludlow, Esq. cashier, or order.    P. P. Kingsbury, cashr." (*b.*) It was also proved on said trial that B. P. Kingsbury was the cashier of the Ross County Bank, and that the indorsement on the draft before referred to was genuine; the words "B. P. Kingsbury, cashier," being in said Kingsbury's own proper handwriting.    (*c.*) The cashier of a bank has *prima facie* authority to transfer and indorse negotiable securities, held by the bank for its use and on its behalf.    (*Wild* v. *Passamaquoddy Bank,* 3 *Mason,* 505. *Fleckner* v. *Bank of U. S.,* 8 *Wheat.* 360.    *Story on Agency,* § 114.    *Story on Prom. Notes,* § 127, *and notes.*)

II. If there is any restriction in the charter of a bank, or on the authority of its cashier, by which he is prevented from indorsing negotiable securities, held by the bank for its use, and on its behalf, such restriction must be shown and proved by the bank.    (*Wild* v. *Passamaquoddy Bank,* 3 *Mason,* 505.)

III. No such restriction was proved on the trial of this case.

*Mr. Pierrepont,* for the respondent.    I. The defendant is not liable as indorser.    1. It is not proved that the bank made any agreement with the Trust Company that it would pay the draft if Atwood & Co. did not; that is made no contract of indorsement.    2. The name of the defendant is not on any part of the bill; and the rule is universal that, in order to make a party liable on a bill of exchange, his name

must appear upon the bill itself. (*Pentz* v. *Stanton*, 10 *Wend*. 271. *Stackpole* v. *Arnold*, 11 *Mass. R.* 217. *Fenly* v. *Stewart*, 5 *Sandf.* 101. *Bolles* v. *Walton*, 2 *E. D. Smith*, 164.) 3. If the plaintiffs had the right, when they received the bill, to treat any one as indorser, it was B. P. Kingsbury. The word cashier was mere *descriptio personæ*. (*Bolles* v. *Walton, supra. De Witt* v. *Walton*, 5 *Seld.* 571. *Moss* v. *Livingston*, 4 *Comst.* 208. *The Farmers and Mechanics' Bank* v. *The Empire Stone Dressing Company*, 10 *Abb. Pr. Rep.* 47. *Taft* v. *Brewster*, 9 *John.* 334. *Hills* v. *Bannister*, 8 *Cowen*, 32. *Barker* v. *The Mechanic Insurance Co.*, 3 *Wend.* 94. *The Marine Bank of the city of New York* v. *Clements*, 3 *Bosw.* 600. *Scott* v. *Johnson*, 5 *id.* 223.) 4. The name of the principal not having been disclosed to the plaintiffs when they obtained the bill, if any one is liable it is Kingsbury. (*Dunlap's Paley's Agency*, 3d ed. p. 371. *Brockway* v. *Allen*, 17 *Wend.* 40. *Waring* v. *Mason*, 18 *id.* 425. *Mills* v. *Hunt*, 20 *id.* 431. *McComb* v. *Wright*, 4 *John. Ch.* 659, 669, *and cases supra.*) 5. The cashier had no authority to make contracts of indorsement for the bank. 6. When a bill appears upon its face to have been executed by an agent, every one taking it must inquire at his peril into the extent of the agent's authority. (*The Farmers and Mechanics' Bank* v. *The Empire Stone Dressing Company*, 10 *Abb. Pr. Rep.* 47. *Atwood* v. *Munnings*, 7 *Barn. & Cress.* 278. *Alexander* v. *McKenzie*, 6 *C. B.* 766. *Cases supra.*) 7. The indorsement purports upon its face to be completed, and every one can ascertain its character by inspection. It would be absurd to say that one has a right to purchase a bill with such an indorsement upon it, relying upon inserting the name of another person who never agreed to become an indorser. In the present case it does not appear that the *defendant* ever agreed or intended to become indorser, or that the plaintiffs took the bill relying upon the defendant being the indorser.

II. The judgment should be affirmed, with costs.

SUTHERLAND, J.  This is a plain case for reversal.  The judge who tried the action at the circuit found as a fact, and it was admitted on the trial, that the plaintiffs received the bill of exchange or draft, on which the action was brought, before it became due.  There is no evidence or finding tending to show that the plaintiffs were not *bona fide* holders, for value.  The presumption is, then, that they were.  It was admitted on the trial, and found as a fact by the judge, that the defendant, "The Ross County Bank," was a corporation; that B. P. Kingsbury was its cashier; and that the words "B. P. Kingsbury, cash'r," on the back of the bill, or draft, were in his proper handwriting.

There is no evidence or finding tending to show that the charter of the bank contained any restriction or limitation on its power of negotiating or indorsing notes or bills of exchange, or on the authority of its cashier to indorse such negotiable paper for the bank.  The presumption is, then, that the bank had power, and it cashier authority, to negotiate or indorse the bill.  (*Marvine* v. *Hymers,* 2 *Kern.* 223.  *Wild* v. *Passamaquoddy Bank,* 3 *Mason,* 505.  *Heckners* v. *Bank of the United States,* 8 *Wheat.* 360.  *Story on Agency,* § 114.)

The judge did not find as a fact, and there was no evidence tending to show, that the bill was indorsed by Kingsbury, the cashier, for the mere purpose of collection, or for any other special or limited purpose; but if this had been proved and found as a fact, it is perfectly clear on principle, and by authority, that such proof or finding would not have prejudiced or affected the plaintiffs' right of recovery as *bona fide* holders for value, before maturity, unless the evidence had also shown that they took the bill with notice of such special purpose, or under circumstances which called upon them to make inquiry as to the purpose of the indorsement.

Even if the Ross County Bank had never owned the bill, or had any interest in it, that fact, if proved and found, would

not have affected the right of the plaintiffs, as innocent holders for a valuable consideration, before maturity, to recover.

In *The Bank of Genesee* v. *The Patchin Bank*, (3 *Kern.* 315,) Judge Denio, after stating and citing cases to show that a mercantile firm, as between the firm and an innocent holder for value, is bound, when the firm name has been affixed by a copartner, to negotiable paper in which the firm had no interest, says: "The same principle applies to the acts of the officers of a corporation." The maxim that when one of two innocent parties must suffer from the wrongful act of a third, he who put confidence in and enabled such third party to do the wrong, must be the sufferer, requires that the principle of liability stated by the learned judge should apply, (as he says it does,) to the acts of the officers of corporations. Indeed, as a corporation can only act by or through its officers, or agents, it is plain that it is most reasonable and proper to apply such principle of liability to the acts of the officers and agents of corporations.

The simple and only question then presented by the appeal is, did the omission of Kingsbury, the cashier, to write on the back of the bill, before or after his name and the name of his office, the words "for the Ross County Bank," preclude the plaintiffs from recovering against the bank as indorser? In other words, although we know that this bill was indorsed as paper negotiated by banks is usually indorsed, that is by the cashier's writing his name on the back of it, with the addition of the name or designation of his office merely; and although we know that banks deal with the public at large, and that their officers, president, cashier, &c. are generally spoken of, and designated, and dealt with by the name of their office merely; and although we must presume that the plaintiffs, when they took the bill, knew that there was such a bank as the Bank of Ross County, and that B. P. Kingsbury was its cashier; and although we know that corporations, from their very nature, can act only through or by their officers or agents; yet, is there any tech-

nical, unbending rule of law, which compels us to hold in this case, that the indorsement of the bill, by Kingsbury, the cashier, writing his name with the addition of the name or designation of his office, on the back of it, was not the indorsement of the bank, and did not bind the bank as indorser? I should be sorry to think that there was, and believe there is not.

It appears to me that Judge Denio shows conclusively in his opinion in *The Bank of Genesee* v. *The Patchin Bank,* (3 *Kern. supra,*) that an indorsment like the one in question in this case, binds the bank. The point cannot be said to have been decided in that case, for it appears from the report of it, that the point was not passed upon by the court; but it appears to have been decided in *Folger* v. *Chase,* (18 *Pick.* 63,) that such an indorsement by the cashier sufficiently showed that it was made in behalf of the bank; and if that was not sufficiently certain, that the plaintiffs had a right to prefix the name of the corporation. (*See also Bank of Watervliet* v. *White,* 1 *Denio,* 608; *and Marvine* v. *Hymers,* 2 *Kern. supra.*)

It would not be reasonable to apply the general rule that to make an individual liable on a bill or note, his name must appear on the bill or note, to banking corporations; because corporations cannot write, or do any other act, except by or through an officer or agent, and because any one taking a bill or note indorsed by a cashier of a bank, in his official capacity, would assume, and have a right to assume, in the absence of any thing suggesting doubt or inquiry, that the indorsement was made in behalf of the bank, and by the authority of the bank.

We ought not to consider the decision of the general term of this district in the case of *The Bank of the State of New York* v. *The Farmers' Bank of the State of Ohio, in* 1862, (36 *Barb.* 332,) as a controlling authority, for I understand that decision to have been reversed by the court of appeals; and besides, we must presume that when that decision was

made, the court were not aware that the same point had been decided in more than one case, directly the other way, by the general term of the same district.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

LEONARD, J. I concur. The court of appeals have sustained the law as declared in the above opinion, at the last term, in an analogous case, decided since the opinion of Judge Sutherland was written.

GEO. G. BARNARD, J. also concurred.

New trial granted.

[NEW YORK GENERAL TERM, May 2, 1864. *Sutherland, Leonard* and *Barnard*, Justices.]