DAVID J. PRATT and others *v.* TOPEKA BANK.

January Term, 1874.

1. **Bills and Notes: Action by Bank: Pleading.** In an action by a bank on a note, an allegation that A. B. was its cashier, and that the note was indorsed to A. B., cashier, is sufficient to show title in the bank.

2. **Homestead: Lien for Purchase Money.** Where, on the purchase of a homestead, the purchaser and his wife executed a mortgage thereon to to secure the purchase money, and other indebtedness of a kind such as a homestead is exempt from liability for, and thereafter a portion of the mortgage debt having been paid, and such mortgage is surrendered, and a new mortgage executed by a husband alone for the balance, the creditor can enforce a lien upon the homestead for so much of the debt secured by the second mortgage as is for the purchase of the land and interest, but not for the balance. [Andrews v. Alcorn, 13 Kan. 359; Marion Co. v. Harvey Co., 26 Kan. 201.][1]

Error from Osage district court.

Foreclosure, brought by the bank, as plaintiff, against Pratt and wife. At the November term, 1873, the plaintiff had judgment against Pratt for $3,065.18, and a decree against Pratt and wife for the sale of certain lands.

*James Rodgers,* for plaintiffs in error.

---

"[1] Perhaps, before closing this opinion, we should say something with reference to the case of Pratt v. Topeka Bank, 12 Kan.*570. In that case a mortgage was executed by the husband alone to secure a portion of the purchase money for the homestead of himself and wife, and also to secure, certain other money. The mortgage, however, did not show how much of the money was purchase money, or how much was other money. Now, it might seem from the opinion in that case that the court intended to hold that the mortgage was void as to the purchase money as well as to the other money, but nevertheless that the judgment to be rendered in the case should be made a specific lien upon the homestead for the purchase money. Such was not intended, however, by the court. The court intended to hold that the mortgage was void only as to that portion of the money it secured which was not a part of the purchase money, and that it was valid as to the purchase money, and therefore, and for that reason, that the judgment for the purchase money should be made a specific lien on the homestead. In the opinion of that case, (page *572,) where it states that the mortgage was 'invalid for the purpose of establishing any lien upon the homestead,' it was intended to refer to the mortgage as an entirety,—as including both funds in the aggregate as one fund,—and had no reference to the purchase money as a separate and distinct fund." Per VALENTINE, J., Greeno v. Barnard, 18 Kan. 522. See Randal v. Elder, *ante,* *267, and note.

*John Guthrie*, for defendant in error.

*571   *BREWER, J.   Two grounds of error are alleged in the peti-
tion in error:   *First*, that the court erred in overruling the de-
murrer to the petition; and, *second*, that the findings were not sus-
tained by the evidence, and were contrary to law.   Of course, then,
our inquiry will be limited to these two matters.   The question raised
by the demurrer is this:   The action was on a note and mortgage
payable to the order of W. F. Aderhold.   The petition alleges that
said Aderhold "indorsed, transferred, and delivered the said promis-
sory note and mortgage to John R. Mulvane, cashier of the said plain-
tiff."   It does not allege that it was so transferred for the use and
benefit of the plaintiff, or that it was indorsed and transferred to the
plaintiff, or that the plaintiff is the owner or holder, otherwise than
in the words quoted.   A copy of the note and mortgage is made part
of the petition showing transfer to "John R. Mulvane, cashier."
Hence it is claimed that the petition did not show a cause of action in
favor of the plaintiff.   It is well settled that proof that John R. Mul-
vane was the cashier of the bank, and that the note was indorsed to
"John R. Mulvane, cashier," is sufficient to show title in the plaintiff.
Andrews v. Astor Bank, 2 Duer, 629; Robb v. Ross Co. Bank, 41 Barb.
586; Bank of Genesee v. Patchin Bank, 13 N. Y. 309; Farmers'
& M. Bank v. Troy City Bank, 1 Doug. 457.   If this be sufficient as
matter of proof, it would seem that it ought to be sufficient as matter
of allegation.   It is well known that it is the custom of banks to trans-
act business in that way,—a custom recognized in the courts as well
as among business men.   The demurrer was properly overruled.

The second question arises on these facts:   Aderhold, in 1870,
conveyed the premises by warranty deed to Pratt, who, with his wife,
has since occupied it as his homestead.   At the time of this convey-
ance a mortgage was executed by Pratt and wife to Aderhold to se-
cure the payment of three or four notes, all but one of which were
for the purchase price of the land; that one note, of $700,
*572   was for the crops growing on the land *at the time of the con-
veyance, and a reaper.   The crops and the reaper were not
valued separately, but lumped together at $700.   In February, 1872,
the notes, unpaid, and the mortgage were surrendered, and a new
note and mortgage given for the balance due.   This is the note and
mortgage in suit.   This was executed by Pratt alone, his wife not
joining in either the note or the mortgage.   At the time of this ex-
change only a portion of the $700 note had been paid, and the bal-
ance was included in the new note and mortgage.   Upon these facts
ought a decree of foreclosure and sale to have been ordered for all or
any portion of the amount found due on the note?   So much of the
note and judgment as was for the purchase price of the land ought,
we think, to have been declared a lien upon the land.   That one note
had been surrendered, and a new one taken, does not change the

fact that the purchase price was still unpaid. The law regards the substance, and not the form, of the transaction. The debt remained, though the evidences of the debt were changed. The homestead exemption does not extend to obligations contracted for the purchase of the homestead. Const. art. 15, § 9. So that, though the wife did not join in the second mortgage, and it was therefore invalid for the purpose of establishing any lien upon the homestead, yet, for so much of the debt as was for the purchase of the land, the creditor was entitled to have his judgment declared a lien. No lien having been created by the mortgage in suit, the creditor was not entitled to have that portion of the judgment which was not for the purchase price declared a lien. Dillon v. Byrne, 5 Cal. 455; Carr v. Caldwell, 10 Cal. 380. We think the form of the judgment should be a personal judgment against Pratt for the full amount of the note and interest, a finding as to the amount of purchase money for the land and interest, and then a decree that such amount is a lien upon the homestead.

The judgment will be reversed, and the case remanded, with instructions to grant a new trial, and to proceed in accordance with the views herein expressed.

(All the justices concurring.)