*571 The opinion of the court was delivered by
Brewer, J.:
Two grounds of error are alleged in the petition in error: first, that the court erred in overruling the demurrer to the petition, and second, that the findings were not sustained by the evidence, and were contrary to law. Of course then, our inquiry, will be limited to these two matters. The question raised by the demurrer is this: The action was on a note and mortgage payable to the order of W. F. Aderhold. The petition alleges .that said Aderhold “indorsed, transferred, and delivered the said promissory note and mortgage to John R. Mulvane, cashier of the said plaintiff.” It does not allege that it was so transferred for the use and benefit of the plaintiff, or that it was indorsed and transferred to the plaintiff, or that the plaintiff is the owner or holder, otherwise than in the words quoted. A copy of the note and mortgage is made part of the petition .showing transfer to “John R. Mulvane, cashier.” Hence it is claimed that the petition, did not show a cáuse of action in favor of the plaintiff. It is well settled that proof that John R. Mulvane was the cashier of the bank, and that the note was indorsed to “ John R. Mulvane, cashier,” is sufficient to show title in the plaintiff. (Andrews v. Astor Bank, 2 Duer, 629; Robb v. Ross County Bank, 41 Barb., 586; Bank of Genesee v. Patchin Bank, 13 N. Y., 309; F. & M. Bank v. Troy City Bank, 1 Doug., 457.) If this be sufficient as matter of proof, it would seem that it ought to be sufficient as matter of allegation. It is well known that it-is the custom of banks to transact business in that way, a custom recognized in the courts, as well as among business men. The demurrer was. properly overruled.
The second question arises on these facts: Aderhold in 1870 conveyed the premises by warranty deed to Pratt who, with his wife, has since occupied it as his homestead. At the time of this conveyance a mortgage was executed by Pratt and wife to Aderhold to secure the payment of three or four notes, all but one of which were for the purchase-price of the land. That one note of $700 was for the crops growing on the land *572 at the time of the conveyance, and a reaper. The crops and the reaper were not valued separately, but lumped together at $700. In February 1872, the notes unpaid, and the mortgage, were surrendered, and a new note and mortgage given for the balance due. This is the note and mortgage in suit. This was executed by Pratt alone, his wife not joining in either the note or the mortgage. At the time of this exchange only a portion of the $700 note had been paid, and the balance was included in the new note and mortgage. Upon these facts ought a decree of foreclosure and sale to have been ordered for all or any portion of the amount found due on the note? So much of the note and judgment as was for the purchase-price of the land ought we think to have been declared a lien upon the land. That one note had been surrendered, and a new one taken, does not change the fact that the purchase-price was still unpaid. The law regards the substance, and not the form of the transaction. The debt remained, though the evidences of the debt were changed. The homestead exemption does not extend to obligations contracted for the purchase of the homestead. (Const., art. 15, § 9.) So that, though the wife did not join in the second mortgage, and it was therefore invalid for the purpose of establishing any lien upon the homestead, yet, for so much of the debt as was for the purchase of the land the creditor was entitled to have his judgment declared a lien. No lien having been created by the mortgage in suit, the creditor was not entitled to have that portion of the judgment which was not for the purchase-price declared a lien. (Dillon v. Byrne, 5 Cal., 455; Carr v. Caldwell, 10 Cal., 380.) We think the form of the judgment should be a personal judgment against Pratt for the full amount of the note and interest, a finding as to the amount of purchase-money for the land and interest, and then a decree that such amount is a lien upon the homestead.
The judgment will be reversed, and the case remanded with instructions., to grant a new trial, and to proceed in accordance with the views herein expressed.
All the Justices concurring.