C. C. McDowell v. Arch C. Miller, *as Administrator of the estate of John McDowell, deceased.*

1. Petition, *Held Sufficient—Statute of Frauds.* The petition in this case alleges that a father conveyed to his son a parcel of land, and, in consideration of such conveyance, the son agreed verbally to pay one-half of a mortgage existing upon a second tract of land conveyed at the same time by the father to another son, the plaintiff. It further recites that the son making such agreement paid his proportionate share of the interest up to the time said mortgage became due, and then agreed verbally to pay the same proportion of a mortgage given in renewal of the former one and continued to pay his portion of the interest to plaintiff up to the time of his death, which occurred before the renewal mortgage became due; that he died seized of the estate so conveyed by the father. It further alleges, that there is not sufficient personal property of the intestate to pay the claim of plaintiff, and that the defendant, as administrator of the estate of the deceased, refused to allow said claim. *Held,* That a demurrer to said petition was improperly sustained; and, *held, further,* that said petition states a cause of action for the recovery of the price of lands actually conveyed, and not one upon a contract for the sale of lands, and the contract, so stated, was not one within the statute of frauds. (*A. T. & S. F. Rld. Co. v. English,* 38 Kas. 110.)

2. ———— *No Defect of Parties.* Where, under circumstances like the above, the plaintiff brings an action against the administrator alone, there is no defect of either parties plaintiff or defendant.

Memorandum.— Error from Chase district court; Frank Doster, judge. Action by C. C. McDowell against Arch Miller, as administrator of the estate of John McDowell, deceased. A demurrer to plaintiff's petition was sustained, and he brings the case here. Reversed. The opinion, filed November 9, 1895, states the material facts.

*Madden Brothers,* for plaintiff in error.

*C. N. Sterry,* and *Edwin A. Austin,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : On the 19th of August, 1889, C. C. Mc-Dowell filed in the probate court of Chase county his petition setting forth his claim against the estate of John McDowell, deceased, and a demurrer to the said petition having been overruled, a hearing was had by the probate court, and said claim was allowed. The judgment and order of the probate court were appealed from to the district court of said county, where the demurrer filed by the administrator of said estate was sustained. Thereupon the plaintiff took leave to amend his petition, and the district court, having sustained a demurrer to said amended petition, plaintiff elected to stand upon the petition as amended, and brings the case here for review.

The allegations of the plaintiff's amended petition were in substance as follows : That the plaintiff, C. C. McDowell, and John McDowell, deceased, were the sons of one Charles McDowell ; that on the 3d day of April, 1883, said Charles McDowell was the owner of two tracts of land, which are described in the said petition, and which for convenience will be here referred to as the first and second parcels of land. The petition further alleges that on July 26, 1881, there existed a mortgage on the first parcel of land of which there was due and unpaid the sum of $1,000 ; that on said date Charles McDowell procured a loan of $1,000 from one D. K. Carter to pay off said mortgage ; that as a security for said sum of money the said Charles McDowell executed a note and mortgage upon the second parcel of land ; that the money realized from the loan was used to pay off the lien theretofore existing on the first parcel of land, and that the said lien was thereby discharged and satisfied ; that on the 3d day of April,

1883, Charles McDowell and wife executed and delivered to John McDowell their deed in writing conveying to him the first parcel of land, and the same day, and as a part of the same transaction, executed and delivered to the plaintiff, C. C. McDowell, a deed conveying 100 acres out of the second parcel of land; that in consideration of the transfer of said land to the plaintiff and John McDowell, it was mutually agreed verbally by and among said parties, to wit, Charles McDowell, John McDowell, and the plaintiff, that the said mortgage indebtedness existing on the second parcel of land should be paid in equal proportions by the plaintiff and said John McDowell, and that the interest thereon should be paid in like manner as the same became due; that the said John McDowell was to pay his part of said indebtedness to plaintiff and plaintiff was to pay the whole mortgage indebtedness to the owner and holder thereof; that by virtue of such agreement Charles McDowell conveyed to John McDowell land which was of the value of $2,500; that the land conveyed to plaintiff by Charles McDowell was worth $1,500 above the mortgage indebtedness; that it was the intention and desire of said Charles McDowell to give each son an equal amount in value of land, and to cause the indebtedness to be lifted by them mutually; and that it was the agreement and understanding between all said parties that each of said sons should pay one-half of the mortgage existing on the second parcel of land as a consideration for the conveyance to them of said land. The petition further alleges that the plaintiff and John McDowell entered upon the performance of said contract; that said John McDowell paid to the plaintiff his proportion of the interest falling due on said mortgage, and the plaintiff in turn paid the whole

of said interest to the owner and holder of said mort-
gage up to the year 1886, when, being unable to pay
off said loan, the same was renewed by mutual con-
sent, and a new mortgage was executed to said D. K.
Carter for five years on said second parcel of land for
the sum of $1,000, with interest as before, and the
same was signed by the plaintiff and his wife and
Charles McDowell. And the petition alleges that at
the time of making such renewal all the parties re-
newed their former contract and agreement with ref-
erence to the payment thereof, and that the said John
McDowell, under and by virtue of said renewed agree-
ment, was to pay one-half of said indebtedness and
interest as the same became due, and the payments
by John McDowell were to be made to the plaintiff,
who was to pay the holder of the indebtedness the
whole of the amount due on said mortgage. The
petition alleges that in pursuance of said agreement,
John McDowell paid to plaintiff his part or propor-
tion of the said interest money up to the year 1888,
and that on August 1, 1888, the said John McDowell
died intestate in Chase county, Kansas, being the
owner of the first parcel of land, and that afterward
Arch C. Miller was appointed administrator of the
estate of the said John McDowell, duly qualified and
took possession of the estate of said John McDowell,
deceased, and since said time has been continuously
acting as such administrator; that the interest on
said mortgage becomes due annually on July 26, up
to the year 1891, when the whole amount becomes
due. The petition further recites that, by reason of
the foregoing facts, the plaintiff, Charles McDowell,
is entitled to recover against said estate one-half of
said amount, to wit, $660; that the personal effects
are insufficient to pay the debts already probated

against the estate, and insufficient to pay the claim of plaintiff, if allowed; that the real estate described as the first parcel is liable for the claim of plaintiff, and is of the value of $4,000; that the said administrator is endeavoring to settle the estate without the payment or allowance of the claim of plaintiff; that said administrator has reported to the probate court that there is not sufficient personal property to pay the claim of plaintiff; and that, although said John McDowell died seized of the real estate described as the first parcel, the administrator refuses to sell the same to pay said claim. And the plaintiff prays that the claim be allowed, and that the said real estate be sold to satisfy the same.

The demurrer to the petition is based upon three grounds: (1) That the petition does not state facts sufficient to constitute any cause of action against said administrator; (2) that there is a defect of parties plaintiff; (3) that there is a defect of parties defendant.

We are of the opinion that the demurrer was improperly sustained. The first contention of counsel for defendant in error is that the allegations of the petition set forth a parol contract not to be performed within a year, and that said agreement is not taken out of the statute so far as this plaintiff is concerned, even though the consideration was the sale of lands which were conveyed to the decedent, John McDowell. The original agreement was between three parties, Charles McDowell, C. C. McDowell, and John McDowell. By its terms Charles McDowell conveyed to each of the other parties a certain tract of land. In consideration of the conveyance to John McDowell, he, the said John McDowell, agreed to pay to C. C. McDowell one-half of the amount of a certain mort-

gage which existed upon the tract conveyed to C. C. McDowell. There can be no doubt that such a contract is not within the statute of frauds, and it has been so held from the earliest-reported cases up to this date. The case of *Donellan v. Read*, 3 B. & A. 899, seems to be the leading case among the early English reports upon this subject and appears to form the basis of numerous decisions since that time. In that case, improvements were made upon premises in the occupancy of a tenant at his request and upon a contract to pay an increased rent during the remainder of his term, which was for more than one year. He enjoyed the benefits but refused to pay for them, and the court held the contract not within the statute. In *Pierce v. Paine*, 28 Vt. 34, it was held that if the contract had been performed on one side in such a manner that the performance goes to the benefit of the other party, whether it was done within one year or not, it undoubtedly lays the foundation of a recovery against the party benefited by such performance. In Browne on the Statute of Frauds, § 117, the same doctrine is laid down in the following language :

"Where a verbal contract is completely executed by one party, the consideration can be recovered from the other, notwithstanding the statute of frauds. As, for instance, when a deed of land is given, or goods delivered and accepted, in pursuance of the contract, an action lies to recover the value of the land or goods ; and the same where a contract is within the statute, as being not to be performed within a year from the making, but has been fully performed on one side, whether within the year or not ; the consideration of that performance, though by the contract not payable until after the expiration of the year, may be recovered by action when the stipulated time arrives."

We are also of the opinion that the case of *Osborne v. Kimball*, 41 Kas. 187, relied upon by counsel for the defendant, tends to bear out the doctrine above stated. In *A. T. & S. F. Rld. Co. v. English*, 38 Kas. 110, the following language is used in the opinion of the court:

"This contract was also performed within one year upon the part of plaintiff, and the defendant cannot claim protection under the statute of frauds; its protection extends to executory contracts, and does not apply to contracts that have been executed by one party."

It is true that, in the case at bar, the plaintiff was not the one who furnished the consideration by deeding the land; but, according to the allegations of the petition, the rights of the one so furnishing the consideration, to wit, Charles McDowell, were assigned to the plaintiff, and John McDowell consented and agreed that payment should be made to plaintiff instead of to Charles McDowell. It needs no citation of authorities to support the proposition that a conveyance of land by one person to another is sufficient to support a consideration agreed to be paid by the grantee to a third person, the same as though payment was to have been made to the grantor himself. The petition in this case shows that John McDowell not only took possession of the land conveyed by Charles McDowell under this agreement, but that he died seized of the same; that he paid his proportionate share of the interest annually until his death. Nor does the fact that when the original mortgage became due it was renewed for a further period of five years, change the position of the parties in this case, under the allegations of the petition. A renewal under such circumstances was not a payment of the

original indebtedness; for, as is said by BREWER, J., in rendering the opinion of the court in the case of *Pratt v. Topeka Bank,* 12 Kas. 570: "The law regards the substance and not the form of the transaction. The debt remains, though the evidences of the debt were changed."

We do not consider the petition as alleging a contract for the sale of land, but rather an action brought for the recovery of the price of land actually conveyed. "There is no provision of our statute which precludes a recovery for the price of land actually conveyed, even though the agreement concerning the price be oral." (*A. T. & S. F. Rld. Co. v. English,* supra.)

The defendant in error further contends that there was a defect of parties both plaintiff and defendant. We cannot agree with the proposition of the defendant in error in this particular. When the original agreement was made and when the renewal of the mortgage in question was made, it seems to us, under the allegations of the petition, that all other parties were eliminated, excepting C. C. McDowell, the plaintiff in this action, upon the one hand, and John McDowell upon the other. Certainly Charles McDowell was no proper party to this action, for he had assigned his interest in the consideration which was to be paid for the land by John McDowell to C. C. McDowell, and could not therefore have recovered the same himself; nor was the mortgagee a proper party to the action, for the agreement of John McDowell was not one to pay the mortgage or a part thereof to the mortgagee, but it was to pay the plaintiff a sum equal in amount to one-half the mortgage debt. We cannot think that a contract like the one alleged in this petition was ever intended to be covered by the statute of frauds.

43—APP.

The judgment of the district court will be reversed, and the cause remanded with instructions to overrule the demurrer.

All the Judges concurring.